CITY OF DAYTON, APPELLANT, *v.*
TURNER, APPELLEE.

(No. CA 8339—Decided
February 17, 1984.)

Mr. *Paul A. Folfas,* prosecuting attorney, for appellant.

Mr. *Kurt R. Portman,* county public defender, and Mr. *Ellis Jacobs,* for appellee.

KERNS, J. This is an appeal from a judgment entered in a contempt proceeding in the Dayton Municipal Court, but the contempt order is dependent for validity upon an order overruling a motion to quash a subpoena duces tecum issued to the Internal Affairs Division of the Dayton Police Department. In support of its motion to quash, the city of Dayton contended that the internal affairs files of a police department are privileged from any disclosure, and this contention immediately brought into focus the delicate balance between governmental privilege and criminal due process.

In a comprehensive written decision, the Dayton Municipal Court found that neither the right to disclosure nor non-disclosure was absolute under the facts of this case, and in the penultimate paragraph of its opinion, the court summarized its conclusions as follows:

"Based on the foregoing analysis, the court concludes that the custodian of the internal affairs documents called for by the subpoena duces tecum should deliver them to the court for an in camera inspection. Instead of the broad claim of absolute privilege, the city should deliver along with the documents a detailed claim of privilege as to each document in the file for which the privilege is claimed. The court will then weigh the public interest in the confidentiality of those records against the right, if any, of the defendant to their use in his defense and the availability of any of the information in them to the defendant through other means. The court will then order the release of any unprivileged documents to the defendant. This procedure should prevent fishing expeditions in IAD files while adequately protecting defendants' rights."

Noticeably, the recommendations of the Dayton Municipal Court are well within the guidelines espoused in *United States* v. *Nixon* (1974), 418 U.S. 683, where the Supreme Court of the United States wrestled with a problem similar to the one raised by the motion to quash in this case. In *Nixon,* the Supreme Court observed that the right to the production of all evidence at a criminal trial has constitutional dimensions whereas there is no explicit reference in the Constitution to any privilege of confidentiality. In that case, the court also weighed the relative merits of the competing interests before concluding, at page 713, "that when the ground for asserting privilege as to subpoenaed materials sought for use in a criminal trial is based only on the generalized interest in confidentiality, it cannot prevail over the fundamental demands of due process of law in the fair administration of criminal justice."

In the present case, the Internal Affairs Division of the Dayton Police Department cannot be faulted for attempting to protect its files and records from disclosure for any purpose, and the convicted contemnor in these proceedings probably acted in good faith, but irrespective of good or bad faith, any generalized assertion of privilege must yield to a demonstrated need for criminal evidence. See *Brady* v. *Maryland* (1963), 373 U.S. 83.

In *State* v. *Williams* (June 19, 1981), Montgomery App. No. 6995, unreported, this court indirectly, if not directly, dealt with an issue similar to the one posed in the present case and concluded that the privilege of confidentiality claimed by the Internal Affairs Division of the Dayton Police Department was not absolute, and we find nothing in this record to justify any departure from our previous conclusion.

The judgment of the Dayton Municipal Court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WEBER, J., concur.