CITY OF COLUMBUS, APPELLEE, *v.* ROBINSON, APPELLANT.

(Nos. 86AP-154 and -155 — Decided August 12, 1986.)

*Ronald J. O'Brien,* city attorney, *James J. Fais,* city prosecutor, and *David E. Tingley,* for appellee.

152

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

WHITESIDE, J. Defendant, Franklin Robinson, appeals from his conviction in the Franklin County Municipal Court of criminal trespass and resisting arrest and raises a single assignment of error as follows:

"The trial court erred when it held that the defendant was not entitled to subpoena a police officer's personnel file on the grounds that such records are privileged and not subject to subpoena thereby violating the defendant's constitutional rights to compulsory process and a fair trial, and further erred by not ordering the production of such evidence for proper judicial review and preservation in the record."

The sole issue raised is whether the trial court erred in quashing defendant's subpoena duces tecum of personnel records pertaining to the arresting officer. Specifically, defense counsel advised the court that "we have issued a subpoena duces tecum for the personnel file, internal affairs file, and use of force file" of the arresting officer. Defendant contended that such records were necessary for the defense "to proceed and conduct an effective cross-examination" of the arresting officer "as to his truthfulness and veracity" and that such a subpoena was appropriate under Evid. R. 608. Defense counsel also requested the trial court to conduct an *in camera* inspection of the files to determine whether they would serve "any usefulness for purposes of impeachment for veracity." Eventually, the trial court sustained a motion to quash the subpoena without conducting the requested *in camera* inspection. In doing so, the trial court stated in part:

"* * * We have pure conjecture of defense counsel that these personnel files will turn up evidence of dishonesty on the part of Officer Williams.

"In addition, I believe that Rule 608 of the Rules of Evidence will provide that, even if this information were made available to the defense, that they could not use it.

"* * *

"These records would clearly be extrinsic. And because of that, they would be inadmissible under Rule 608. They are inadmissible and there's no specificity to the request, although there might be some relevance. * * *

"* * *

"Therefore, the Court will quash the subpoena of the defense. These records will not be made available even in an in camera setting."

After this ruling, defense counsel made additional arguments repeating the contention that the personnel files might show specific incidents of lack of truthfulness by the arresting officer on prior occasions and also that the records might show "a pattern of conduct by the officer in previous arrests of excessive force." The trial court further stated in part:

"These records that we are concerned with today are not public records, and there is a greater need to protect the confidentiality of them. I don't believe that the need for the confidentiality of these records is waived for any — by any particular need that's been demonstrated by the defense for the information therein.

"Further, the information in these records is mostly hearsay and for that reason would not be admissible also."

At least some of the files subpoenaed were internal affairs division files, and apparently the comments concerning confidentiality were predicated upon *Dayton* v. *Turner* (1984), 14 Ohio App. 3d 304, 14 OBR 362, 471 N.E. 2d 162, wherein it was held that, with respect to such files, "a generalized assertion of privilege on the basis of confidentiality must yield to a demonstrated need for such materials for use as evidence at a criminal trial."

In that case, no issue was raised or determined as to whether the files were entitled to confidentiality but, instead, the court of appeals affirmed a trial court requirement that the files be produced despite a claim of confidentiality of the records. In *State* v. *Bundy* (1985), 20 Ohio St. 3d 51, 20 OBR 351, 485 N.E. 2d 1039, the Supreme Court distinguished *Turner, supra,* noting that the case involved civil service personnel records which had been held to be public records by *State, ex rel. Dispatch Printing Co.,* v. *Wells* (1985), 18 Ohio St. 3d 382, 18 OBR 437, 481 N.E. 2d 632. In sustaining a trial court denial of inspection or use of the personnel files of a police officer witness for use in cross-examination, the Supreme Court in *Bundy* stated:

"* * * However, defendant did not proffer any need for the subpoenaed files, nor demonstrate any prejudice from the trial court's ruling. Thus, while it was error not to allow defense counsel access to this public record, this was harmless error beyond a reasonable doubt under the record presented herein." *Id.* at 52-53, 20 OBR at 353, 485 N.E. 2d at 1041.

The same is true in this case. Defendant did not demonstrate a need for the subpoenaed files but, instead, suggested the possibility that they might be useful during cross-examination of the arresting officer if they contained information of prior similar conduct by the arresting officer. During cross-examination of the officer, however, no questions were asked concerning prior conduct which would be permissible under Evid. R. 608(B) "if clearly probative of truthfulness or untruthfulness." However, Evid. R. 608(B) specifically provides that:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. * * *"

It was this provision of the rule that the trial court relied upon in quashing the subpoena duces tecum. We find no error under the circumstances.

Although not mentioned in the trial court, defendant also now relies upon Evid. R. 404(A) and (B). Defendant contends that the records to which he was denied access might be relevant as to motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, as to which Evid. R. 404(B) permits evidence of other acts. However, the basic rule established by Evid. R. 404(B) is that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." From defense counsel's statement at trial, after the sustaining of the motion to quash the subpoena duces tecum, it appears that this was the purpose for which defense counsel desired the information; namely, to prove the character of the police officer in order to show that he acted in conformity therewith in effecting the arrest of defendant. Defendant also relies upon Evid. R. 404(A)(2), which permits evidence of a pertinent trait of character of the victim of a crime; however, this is an exception to the basic rule of Evid. R. 404(A), that evidence of a person's character or trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion.

In effect, defense counsel was using the subpoena duces tecum as a discovery device to ascertain whether there might be some information therein useful to the defense in cross-examination of the witness. There was no demonstration of need for such evidence, but merely a hope on the part of defense counsel that such evidence might exist. However, there is nothing

154

to indicate that anything contained in the files would have been admissible evidence at trial. As the trial court noted, the information in the files would have been hearsay. Additionally, the trial court noted that the subpoena was filed late, just before commencement of the trial.

As indicated above, we find that this case is controlled by the rule of *Bundy.* Since these files are maintained with a public agency, necessarily, it must be presumed that they are public records open to inspection under the rule of *Dispatch Printing Co., supra,* until such time as there is a demonstration of some basis for a claim of confidentiality, such as a legislative exemption from inspection. Here, there is no such demonstration that defense counsel could not have inspected the files prior to trial under the rights afforded by law as announced in *Dispatch Printing Co., supra.* Assuming the files were entitled to confidentiality, defendant has not sufficiently demonstrated a need for the use of such materials as evidence so as to require the trial court to enforce the subpoena duces tecum. Likewise, assuming the files are public records so that it was error for the trial court to deny access to them, the error was harmless beyond a reasonable doubt under the record before us, since defendant did not demonstrate any need for the files or any prejudice from the trial court's ruling. The assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgments of the Franklin County Municipal Court are affirmed.

*Judgments affirmed.*

MOYER, P.J., and McCORMAC, J., concur.