The STATE of Ohio, Appellee,

v.

FERRELL, Appellant.

[Cite as *State v. Ferrell* (1992), 83 Ohio App.3d 294.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910876.

Decided Oct. 21, 1992.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *William E. Breyer,* Assistant Prosecuting Attorney, for appellee.

*Stephen R. Felson,* for appellant.

*Per Curiam.*

Defendant-appellant, Tyrone Ferrell, appeals from a judgment of the Hamilton County Court of Common Pleas in which he was convicted on two related charges: (1) felonious assault with an accompanying firearm specification (R.C. 2903.11), and (2) having a handgun while under an aggravated drug-trafficking disability (R.C. 2923.13). He presents two assignments of error for review.

In his first assignment of error, appellant maintains that the trial court erred in two rulings. In the first ruling, the court denied appellant's motion to have the court review the grand jury proceedings that led to his indictment. In the second, the court quashed appellant's subpoena *duces tecum* directed to an assistant prosecuting attorney assigned to the case. We find no merit in the first assignment of error.

On June 18, 1991, at approximately 7:30 p.m., Demetrious James Hines was sitting in a Marilyn's Special Treats truck from which he had been selling snack foods. Hines was counting the day's receipts while parked in the Winton Terrace section of Cincinnati in the vicinity of fifty or sixty residents. Suddenly, a gunfight broke out between two of those persons. Subsequently, Rickey Benton, one of the contestants, climbed into the snack truck and pointed his gun at Hines's face. At the same time, Hines also observed the other member of the gunfight, clad in a red shirt, firing a handgun into the truck from the passenger side of the vehicle. Hines testified that someone yelled, "Here comes the police," and both attackers absconded.[1]

The police who apparently caused the person to yell were four Cincinnati officers working off-duty security detail for the Metropolitan Housing Authority in Winton Terrace. At the time of the attack, all four officers coincidentally were riding in a single police cruiser approaching the scene. The driver, Officer Gregory Kanz, testified that he observed appellant, in a red shirt, firing a

---

1. Benton was not apprehended. Hines did discover that his personal wallet was missing after the attackers fled.

handgun into the passenger side of the snack truck.[2] As Kanz alighted from his vehicle, appellant ran behind an adjacent building. Kanz pursued appellant while one of the other officers, Daniel Brunn, approached the building from the opposite direction. Even though appellant was only out of the officers' view for approximately five seconds, when they apprehended him a moment later, he did not have a gun. A subsequent police sweep of the appellant's escape path also failed to yield a firearm. The police, however, did find a handgun elsewhere, apparently discarded by Benton when he fled the scene.

After appellant was apprehended by the police officers, he was indicted under case No. B–914281. That indictment, however, was eventually dismissed, and appellant was reindicted under case No. B–915916 to add a firearm specification to the felonious assault charge. We make this observation because the motion to review the grand jury testimony was filed under the initial case number and is not among the trial documents transferred for our review. It is clear, however, from the transcript of the hearing of October 11, 1991, when the merits of the motion were argued, that the appellant and the state agreed that the motion would be considered under the later case number.

■ The record of the trial proceedings reveals that the motion to review grand jury testimony was prompted initially by the state's response to the appellant's discovery demand. In that response, the state referred to the firearm that was recovered at the shooting scene and indicated that "latent prints obtained from [the firearm] were insufficient to identify Defendant." Based upon that admission, appellant maintains that the trial judge should have made an *in camera* inspection of the grand jury transcript to determine whether the police were mistaken about who discarded the recovered firearm.

■ In *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraphs one through four of the syllabus, the Ohio Supreme Court held that a trial court has the discretion to allow a defendant to make an *in camera* inspection of grand jury transcripts. The court, however, should allow the inspection only when the defendant can show, by all the surrounding circumstances, that there is a "particularized need" to see the transcripts. *Id.* In turn, an appellate court will reverse a trial court's decision only if there is an abuse of discretion. *State v. CECOS Internatl., Inc.* (1988), 38 Ohio St.3d 120, 121, 526 N.E.2d 807, 809. The issue in *Greer* concerned a criminal defendant's right to determine if a witness's trial testimony and grand jury testimony were inconsistent. *Id.*, 66 Ohio St.2d at 148–149, 20 O.O.3d at 162–163, 420 N.E.2d at 988.

---

**2.** The record discloses that the truck received extensive damage as a result of the gunshots. We discern from the testimony that Hines was not injured from the attack.

In the cause *sub judice,* appellant's motion contemplated a pretrial review of the grand jury proceedings to determine if the arresting officers were mistaken about who discarded the recovered firearm. In addition, appellant hoped to determine if the police misidentified the person who fired at Benton when he was in the snack truck. We know of no authority requiring the trial court to allow a review for such general discovery purposes, and appellant has not cited any. The trial judge did advise appellant of his right to avail himself of an *in camera* review of a witness's grand jury testimony after that witness had testified at trial. Appellant, however, did not seek to exercise that right.

From our review of the record, we conclude that appellant did not advance a particularized need for a review of the grand jury proceedings. Accordingly, we hold that the trial court did not err by denying appellant's motion for such review.

In the second portion of appellant's first assignment of error, he maintains that the trial court erred by quashing his subpoena *duces tecum.* Because the issue was neither briefed nor argued we hold that the court did not err by quashing appellant's subpoena for the assistant prosecutor.[3] See, also, *Columbus v. Robinson* (1986), 33 Ohio App.3d 151, 514 N.E.2d 919.

In his second assignment of error, appellant urges that the trial court erred by overruling his motion for judgment of acquittal at the close of all the evidence. We are unpersuaded.[4]

Concerning the felonious assault charge, our review of the record indicates that the evidence was sufficient to overcome a Crim.R. 29(A) motion. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184. For the disability charge, the parties stipulated that appellant had been convicted of aggravated trafficking prior to June 18, 1991. Therefore, in view of our holding on the assault charge, appellant's disability charge was also supported by sufficient evidence. *Id.* Upon our review of the entire record, we overrule appellant's second assignment of error and affirm the judgment of the court below.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.

---

**3.** We find no entries of record in which the motion for review of the grand jury proceedings was denied and the motion to quash was granted. However, the record demonstrates that the trial judge so ruled, verbally.

**4.** Appellant appears to focus upon the weight to be accorded the arresting officers' identification testimony. We will discuss the assignment as advanced by appellant.