**CITY OF CLEVELAND**

v.

**BROYLES.**

Cleveland Municipal Court, Ohio.

No. 96 CRB 17896.

Decided Sept. 30, 1996.

52

*Carolyn Watts Allen,* Chief Prosecutor, and *Richard Kray,* Assistant City Prosecutor, for plaintiff.

*Donald J. O'Connor,* for defendant Deon Broyles.

---

ROBERT J. TRIOZZI, Judge.

This matter is before the court on defendant Deon Broyles's motion to dismiss the pending charge on grounds that the ordinance under which the charge was brought is unconstitutionally vague on its face. The defendant has been charged with a violation of the Access to Firearms Ordinance, an alleged violation of Cleveland Municipal Code 627A.02, which prohibits a person from leaving a firearm where a child is able to gain access to it. The city of Cleveland alleges that on or about June 29, 1996, the defendant placed a 9mm handgun in the cushion of the couch at his home where the victim, Kielah Bogarty, age four, came upon the gun and thereafter discharged the gun, causing her death. M.C. 627A.02 states as follows:

"(a) Except as provided in division (b) of this section, no person, including but not limited to a parent or legal guardian, shall store or leave a loaded or unloaded firearm in any place where the person knows, or reasonably should know based on the totality of the circumstances, that a child is able to gain access to it.

"(b) Division (a) of this section shall not apply when:

"(1) A child's access to a firearm is under the supervision or control of a responsible adult for purposes of lawful hunting or instruction in firearms safety, care, handling, or marksmanship;

"(2) A child has access to a firearm as a result of an unlawful entry into the place in which the firearm was found;

"(3) A child obtains a firearm in a lawful act of self-defense or defense of another person or persons within a domicile;

"(4) A child who, without permission of the lawful possessor of a firearm, obtains the firearm from the possessor's body."

In his brief in support of this motion, defendant states that he is a bachelor who lives alone and dates the child's mother. On or about June 29, 1996, the mother and her children spent the night at defendant's home. The following morning after the defendant had left the home, Kielah apparently found defendant's firearm and discharged it, tragically causing her death.

Defendant contends that the Access to Firearms Ordinance is void for vagueness because it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the ordinance. Because of the "totality of the circumstances" language in the ordinance, defendant contends that the ordinance specifies no specific standard of conduct and thereby is vague in all its

applications. Consequently, defendant contends, the ordinance is unconstitutional.

It is well established that the party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail. *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224. Further, statutes designed to promote the public health, safety, and welfare enjoy a strong presumption of constitutionality. *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 38 O.O.2d 404, 224 N.E.2d 906. That the Access to Firearms Ordinance is designed to promote the public health, safety, and welfare is beyond serious debate. Accordingly, this court finds that the ordinance does enjoy a strong presumption of constitutionality.

The defendant correctly states that in order to establish that a criminal statute is void for vagueness, the challenging party must show that, upon examining the statute, a person of ordinary intelligence would not understand what conduct is prohibited by the law. *State v. Collier* (1991), 62 Ohio St.3d 267, 581 N.E.2d 552; *Kolender v. Lawson* (1983), 461 U.S. 352, 357–358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909. Thus, in order to successfully prove that the Access to Firearms Ordinance is unconstitutionally vague, defendant needs to show beyond a reasonable doubt that the language in the ordinance "[is] so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." *State v. Collier*, 62 Ohio St.3d at 269, 581 N.E.2d at 554.

To determine whether an ordinance is unconstitutionally void for vagueness, the statutory language must be analyzed in light of three fundamental values that are at the core of the void-for-vagueness doctrine. As set forth in *State v. Collier*, " '[t]hese values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited.' " Quoting *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 3, 472 N.E.2d 689, 691. See, also, *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110; *Grayned v. Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222; and *Kolender v. Lawson* (1983), 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903.

Under the first value, it must be determined whether the challenged statutory language provides the average person with adequate notice and fair warning as to the standard of conduct required by the law. The heart of the Access to Firearms Ordinance is a general prohibition: " * * * [N]o person * * * shall store or leave a loaded or unloaded firearm in any place where the

person knows * * * that a child is able to gain access to it." This language is clear and unambiguous, and the average person would have little doubt about its meaning and the conduct that is prohibited. If a person actually knows that a child is able to gain access to the firearm, he or she is liable under the ordinance.

The ordinance further includes persons who not only have actual knowledge that a child is able to gain access to a firearm, but also those who reasonably should know that a child is able to gain access to it. This language clearly and unambiguously holds people to a standard of ordinary prudence and care not to leave a firearm where a child can access it. (This standard is not unknown in criminal law. See, *e.g.*, receiving stolen property, R.C. 2913.51, which expands knowledge that property is stolen to reasonable cause to believe that property was stolen.) The "totality of the circumstances" language of the ordinance is nothing more than a correct statement of law that states that consideration must be given by the trier of fact to all of the facts and conditions at that particular time and place in order to make a determination whether a person "reasonably should know" of a certain fact or circumstance. See, *e.g.*, *State v. Bundy* (1985), 20 Ohio St.3d 51, 20 OBR 351, 485 N.E.2d 1039; *State v. Davis* (1988), 49 Ohio App.3d 109, 550 N.E.2d 966.

Thus, this court finds that the language of the ordinance is clear and unambiguous, and the average person reading the ordinance would have little doubt about its meaning.

Under the second value in the void-for-vagueness inquiry, it must be determined whether the challenged statutory language provides sufficiently explicit standards for those charged with enforcing the law. Specifically, the statutory language must "define the criminal offense * * * in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. at 357, 103 S.Ct. at 1858, 75 L.Ed.2d at 909. As indicated above, the prohibitory language in the Access to Firearms Ordinance is explicit and holds people to a precise standard of ordinary prudence and due care. Law enforcement personnel and the courts are afforded little discretion to define what conduct or what standard of conduct constitutes an alleged violation of the ordinance. Since the ordinance on its face does not encourage inconsistent enforcement or grant unfettered discretion to law enforcement personnel to define the prohibited conduct, this court finds that the Access to Firearms Ordinance provides constitutionally sufficient standards for those charged with enforcing the ordinance.

Under the third and final value in the void-for-vagueness inquiry, it must be determined whether the challenged statutory language unreasonably impinges upon or inhibits fundamental constitutionally protected freedoms. In

this case, the defendant makes no argument that the ordinance unreasonably impinges upon any of his constitutionally protected freedoms. Additionally, whether or not any constitutional protection is implicated in this ordinance, including but not limited to the Second Amendment right to bear arms, this court finds that the ordinance clearly bears a real and substantial relation to the health, safety, and general welfare of the public and is neither unreasonable nor arbitrary. Accordingly, this court finds that the Access to Firearms Ordinance does not unreasonably impinge or inhibit any fundamental constitutionally protected freedoms.

Having reviewed the Access to Firearms Ordinance in light of the three fundamental values of the void-for-vagueness doctrine, this court finds that the defendant has not proven his assertion beyond a reasonable doubt and, therefore, finds that M.C. 627A.02 is not unconstitutionally void for vagueness. Accordingly, defendant's motion to dismiss is denied and defendant is required to answer the charge pending in this court.

*Judgment accordingly.*