[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
After a bench trial in Hamilton County Municipal Court, defendant-appellant Gregory P. Gellenbeck was convicted of speeding in violation of Blue Ash Traffic Code 333.03. Gellenbeck, proceeding prose, now appeals his conviction and raises three assignments of error.
In his first assignment of error, Gellenbeck contends that the trial court erred in denying his discovery request to examine information relating to the certification and accuracy of the speedometer in the patrol car, as well as to examine the K-55 radar unit. Gellenbeck did not file a written request for discovery pursuant to Crim. R. 16. While Gellenbeck issued a subpoena to Blue Ash, the record does not disclose what items he sought. The subpoena requested only the items in an "attached form." But, no such form is in the record transmitted to this court. Absent the necessary record to evaluate the merit of the claimed error, an appellate court must presume the regularity of the proceedings below. See Rothman v. Lehman (Sept. 27, 1995), Hamilton App. No. C-930880, unreported, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. Furthermore, a trial court's error in not allowing a criminal defendant access to requested documents is harmless error in the absence of a demonstration of prejudice from the lack of the requested material. See State v. Bundy (1985),20 Ohio St.3d 51, 485 N.E.2d 1039. Gellenbeck has failed to demonstrate prejudice. The first assignment of error is overruled.
In his second assignment of error, Gellenbeck contends that the trial court erred in admitting evidence of the citing police officer's skills in stationary on-road visual speed estimation. But, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Bey (1999), 85 Ohio St.3d 487, 490, 709 N.E.2d 484,490; State v. Hymore (1967), 9 Ohio St.2d 122, 128, 224 N.E.2d 126, 130. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. See Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
The police officer testified that he made an initial visual estimation of Gellenbeck's speed. The officer's test results were pertinent to a showing that he had some ability to make reasonably accurate visual estimations of speed under certain conditions.[1] We find no abuse of discretion. The second assignment of error is overruled.
In his third assignment of error, Gellenbeck contends that the trial court erred by misinterpreting direct testimony in arriving at its finding of guilt. We construe this as a manifest-weight challenge. The weight to be given the evidence and the credibility of the witnesses are for the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Following a review of the record, we hold that the trier of fact did not lose its way and create a manifest miscarriage of justice. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
The evidence adduced at trial showed that the police officer was familiar with the pattern of traffic in the location of the traffic stop and had significant experience in traffic enforcement. The police officer testified as to his training in use of the radar unit and his ability to visually estimate the speed of vehicles. The police officer had calibrated the K-55 moving radar unit both before and after his shift, as well as immediately after his stop of Gellenbeck. The police officer testified that the unit was functioning without error.
The police officer made an initial visual observation that Gellenbeck was speeding and activated the K-55 moving radar unit, which confirmed his observation by emitting a high-pitched audio signal and showing in the unit's window that Gellenbeck was traveling at fifty-eight miles per hour in an area where the speed limit was forty miles per hour. The police officer expressed his opinion that Gellenbeck's speed was unreasonable for the conditions. Where the record includes substantial and probative evidence of guilt, apart from the results of the K-55 radar device, the finding of the trial court is neither contrary to law nor manifestly against the weight of the evidence. See Cincinnati v.Dowling (1987), 36 Ohio App.3d 198, 521 N.E.2d 1140; Brook Park v. Zahn
(Apr. 17, 1997), Cuyahoga App. No. 71084, unreported; State v. Combs
(Dec. 29, 1989), Warren App. No. CA89-06-040, unreported. This third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] The test results showed that, with fifty target vehicles, the police officer's speed estimates were no worse than plus or minus three miles per hour of the target vehicle's actual speed. There was a total absence of testimony showing how the stationary test conditions, as opposed to the police officer's speed estimate of Gellenbeck moving vehicle, were so different as to justify exclusion of the test evidence.