THE STATE, EX REL. DISPATCH PRINTING CO. ET AL., *v.* WELLS,
SECRETARY, LOGAN CIVIL SERVICE COMM., ET AL.

[Cite as State, ex rel. Dispatch Printing Co., *v.* Wells (1985),
18 Ohio St. 3d 382.]

(No. 84-836—Decided August 7, 1985.)

*Jones, Day, Reavis & Pogue, John W. Zeiger, Michael H. Carpenter* and *Todd S. Swatsler,* for relators.

*Michael Barr,* city attorney, and *Schwer, Taggart, Wehler, Emerich & Winks, James F. Peifer* and *Jerome M. Strozdas,* for respondents.

*Per Curiam.* It is well-settled law in this state that a writ of mandamus is the appropriate remedy to enforce the public's right to gain access to public records under R.C. 149.43. See *State, ex rel. Plain Dealer Publishing Co.,* v. *Lesak* (1984), 9 Ohio St. 3d 1; *State, ex rel. Public Employees Retirees,* v. *PERS* (1979), 60 Ohio St. 2d 93 [14 O.O.3d 331]; *State, ex rel. Plain Dealer Pub. Co.,* v. *Krouse* (1977), 51 Ohio St. 2d 1 [5 O.O.3d 1]. The issue presently before this court is whether the personnel files of Detective Thompson are subject to inspection as a public record under R.C. 149.43.

A "public record" is defined in R.C. 149.43(A)(1) as "any record that is required to be kept by any governmental unit * * *." In accordance with R.C. 124.40(A), municipal civil service commissions are required to perform the same duties with respect to the civil service of the city as are the Director of Administrative Services and the State Personnel Board of Review with respect to the civil service of the state. Hence, pursuant to R.C. 124.09(B) and (C), respondents must keep records of all their proceedings and maintain a complete roster providing the name, address, date of appointment, and various other essential employment information of all persons in the city civil service. All of this information is stipulated to be available for public inspection.

Moreover, when a member of the classified civil service of the city is demoted, that order must be filed with the municipal civil service commission. R.C. 124.34. In *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107 [74 O.O.2d 209], syllabus, this court held that "[a] record is 'required to be kept' by a governmental unit, within the meaning of R.C. 149.43,

---

[1] Respondent Wells apparently resigned as secretary on June 29, 1984. The acting secretary, Dan G. Long, and Donald F. Gable, also respondents herein, are the only current members of the Logan Civil Service Commission.

where the unit's keeping of such record is necessary to the unit's execution of its duties and responsibilities."

In light of the above it is clear that the Logan Civil Service Commission would be under a legal duty to maintain pertinent information regarding Detective Thompson's employment, including the order demoting Thompson. Accordingly, this information would constitute a public record under the purview of R.C. 149.43.

Respondents argue that a provision in a collective bargaining agreement between the city of Logan and its municipal police force requiring the city to take all reasonable precautions to ensure the confidentiality of the personnel records of police officers takes precedence over the mandates of R.C. 149.43. This proposition is founded upon a portion of R.C. 4117.10(A) which states:

"* * * Chapter 4117 of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117 of the Revised Code or as otherwise specified by the general assembly."

This argument is without merit. In the first place, the collective bargaining agreement merely requires the city to take "all reasonable precautions" against disclosure of information contained in personnel files. This wording would not preclude the municipality from disclosure where required by law.

Further, respondents' contention requires an unreasonable construction of R.C. Chapter 4117. The wording in the cited portion of R.C. 4117.10(A) was designed to free public employees from conflicting laws which may act to interfere with the newly established right to collectively bargain. If respondents' construction of this provision were accepted, private citizens would be empowered to alter legal relationships between a government and the public at large via collective bargaining agreements. It is an axiom of judicial interpretation that statutes be construed to avoid unreasonable or absurd consequences. *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367 [41 O.O. 396]; *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47 [45 O.O.2d 327].

Finally, respondents contend that relators' requests to view the "civil service personnel files of James E. Thompson" are vague and overbroad. This argument is largely unpersuasive from a purely factual perspective. Not once during relators' ten-month effort to gain access to Thompson's civil service files did respondents advise relators that such request was vague or that respondents did not understand exactly what information was sought.

However, we do note that all of the information which may be contained in Thompson's personnel file may not necessarily be subject to public disclosure. Thompson's personnel file may very well contain documents which are neither required to be maintained by law, nor are necessary to respondents' execution of their duties and responsibilities. Any such information would clearly be outside the scope of R.C. 149.43 and not subject to public disclosure.

Further, if a document composed of information outside the scope of R.C. 149.43 was found to be "personal" in nature as defined in R.C. 1347.01(E), then respondents would be under an affirmative duty, pursuant to R.C. 1347.05(G), to prevent its disclosure.

To protect against the unfettered disclosure of personnel records which do not fall within the purview of R.C. 149.43, determination of an application for disclosure must be made on an *ad hoc* basis with the court being the final arbiter as to whether the information is subject to public disclosure. Only if the information in question does not fall within the scope of R.C. 149.43 must a determination be made as to whether its release would constitute an invasion of personal privacy as prohibited by R.C. Chapter 1347.

This court is presently not in a position to analyze all of the information which may be contained in Thompson's personnel files in order to ascertain whether it would qualify as a public record. Thus, we may not compel respondents to provide relators with unbridled access to Thompson's personnel files.

Accordingly, we grant a writ of mandamus compelling respondents to provide relators with a copy of or reasonable access to all information con-

tained in Thompson's personnel files which may be released under the dictates of R.C. 149.43 consistent with this opinion.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.