I respectfully dissent.
I believe that State ex rel. Dispatch Printing Co. v.Wells (1985), 18 Ohio St.3d 382 is pertinent to our consideration of the merits of this case, but supports a different result than that reached by the majority of this panel.
I quote from page 385 of the Wells decision:
 [W]e do note that all of the information which may be contained in Thompson's personnel file may not necessarily be subject to public disclosure. Thompson's personnel file may very well contain documents which are neither required to be maintained by law, nor are necessary to respondents' execution of their duties and responsibilities. Any such information would clearly be outside the scope of R.C. 149.43 and not subject to public disclosure.
 Further, if a document composed of information outside the scope of R.C. 149.43 was found to be "personal" in nature as defined in R.C. 1347.01(E), then respondents would be under an affirmative duty, pursuant to R.C. 1347.05(G), to prevent its disclosure.
 To protect against the unfettered disclosure of personnel records which do not fall within the purview of R.C. 149.43, determination of an application for disclosure must be made on an ad hoc basis with the court being the final arbiter as to whether the information is subject to public disclosure. Only if the information in question does not fall within the scope of R.C. 149.43 must a determination be made as to whether its release would constitute an invasion of personal privacy as prohibited by R.C. Chapter 1347.
 This court is presently not in a position to analyze all of the information which may be contained in Thompson's personnel files in order to ascertain whether it would qualify as a public record. Thus, we may not compel respondents to provide relators with unbridled access to Thompson's personnel files.
In the present case, the city of Columbus made a very limited, if any, effort to protect the interests of the police officers about whom information is being sought. The mandamus action to force release of the records was filed June 21, 1999. The case schedule generated at the time of filing called for initial joint disclosure of all witnesses by November 8, 1999; a cut-off of discovery on April 10, 2000, and trial on June 20, 2000.
On the same date that lawsuit was filed, The Dispatch Printing Company filed a motion requesting a temporary restraining order against disposing of the records in question. An attorney representing the city of Columbus immediately agreed to the restraining order being issued with no bond required. Service of the lawsuit did not occur until four days later.
On June 29, 1999, four days after the lawsuit was served, an attorney representing the city of Columbus, including the Columbus Division of Police, served on the attorney representing The Dispatch Printing Company the responses to forty-one requests for admissions. Thirty-eight of the requests were admitted completely. One request for admission was not answered (No. 33). Two more requests were answered with an admission accompanied by an assertion that, in other circumstances, the records could constitute trial preparation records or be protected from disclosure by state or federal law.
On June 30, counsel for The Dispatch Printing Company used the responses to the requests for admission as the basis for a motion for summary judgment. The time for the filing of an answer to the lawsuit had not yet run.
On the same day that the motion for summary judgment was filed, Fraternal Order of Police, Capital City Lodge No. 9 ("FOP") filed a motion requesting to intervene in the lawsuit to represent the interests of its members and the interests of the FOP as an organization. The FOP noted, in essence, that the attorney representing the city of Columbus seemed more intent on helping The Dispatch Printing Company obtain the records than on representing the interests of the police officers who were the subject of the records apparently to be published in the newspaper.
The judge assigned to the case granted judgment on behalf of The Dispatch Printing Company on the same day the motion for summary judgment was filed. Nine days had elapsed since the filing of the lawsuit. No answer had been filed on behalf of the city of Columbus. No ruling on the motion to intervene had been journalized. The time required by local court rules for responses to motions for summary judgment had not elapsed.
Under the circumstances, I believe the FOP should have been permitted to intervene to represent its own interests and the interests of the police officers it represents. Only then could we as a court of appeals be presented with a full development of the issues which should be considered before an intelligent balancing can be done of the privacy rights of the police officers against the right of the public to know. Instead, we are presented with a trial court record which looks suspiciously like a rush to judgment.
Again, I respectfully dissent.