[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 39.]

THE STATE EX REL. DISPATCH PRINTING COMPANY, APPELLEE, *v.* CITY OF COLUMBUS ET AL.; FRATERNAL ORDER OF POLICE, CAPITAL CITY LODGE NO. 9, APPELLANT.

[Cite as *State ex rel. Dispatch Printing Co. v. Columbus*, 2000-Ohio-8.]

*Public records—Mandamus sought to compel city of Columbus et al. to produce police disciplinary records sought by relator newspaper—Motion to intervene as a party respondent filed by police union should have been granted—Use of force reports and citizen complaints are disclosable as public records—Police union cannot bar release of available public records through records retention policy of collective bargaining agreement.*

(No. 99-1521—Submitted May 24, 2000—Decided September 20, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-766.

_____

{¶ 1} In August 1998, relator-appellee, the Dispatch Printing Company ("Dispatch") filed a public records request with respondent Columbus Division of Police ("CPD") seeking police disciplinary records. The CPD eventually agreed to produce hard-paper copies of CPD guidelines relating to the processing of complaints against CPD officers, the definition of what constitutes a "use of force," statistics regarding the use of mace and pepper spray by CPD officers, citizen complaints, injury to prisoner reports, emergency operations procedures manual, rules, and policies, and an inventory of public records regarding complaints against CPD officers which had previously been destroyed pursuant to record retention schedules. The CPD also agreed to produce electronic records regarding use of force reports, use of mace reports, injury to prisoner reports, complaint reports, and use of firearm reports.

**{¶ 2}** In June 1999, prior to release of the requested records, appellant, Fraternal Order of Police, Capital City Lodge No. 9 ("FOP"), filed a grievance with the CPD pursuant to its collective bargaining agreement. The grievance asserted that certain records requested by the Dispatch should have been destroyed pursuant to the city of Columbus's record retention schedule and Sections 10.10 and 10.11 of the collective bargaining agreement, and, therefore, could not be released to the Dispatch. The Chief of Police sustained the grievance and the Dispatch filed a complaint seeking a writ of mandamus ordering the city of Columbus, the CPD, the Safety Director, and the Police Chief to produce the requested information.

**{¶ 3}** The FOP later filed a motion for leave to intervene as a party respondent, stating that its members have an interest in the matter, and that disposition of the action would impair or impede their ability to protect their interest. On the same day the FOP filed its motion to intervene, the Dispatch filed a motion for summary judgment, which was unopposed by the city of Columbus. The trial court granted the motion for summary judgment and ordered the release of the documents without ruling on the motion to intervene.

**{¶ 4}** The FOP filed a notice of appeal arguing that the trial court abused its discretion in not ruling on its motion and in not allowing the FOP to intervene. Relying on our opinion in *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 18 OBR 437, 481 N.E.2d 632, the court of appeals affirmed the judgment of the trial court.

**{¶ 5}** The cause is now before this court pursuant to the allowance of a discretionary appeal.

––––––––––––––––––

*Zeiger & Carpenter, John W. Zeiger* and *Marion H. Little, Jr.*, for appellee.

*Vorys, Sater, Seymour & Pease, L.L.P., James E. Phillips* and *John J. Kulewicz; Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Ronald H. Snyder*, for appellant.

*Baker & Hostetler, L.L.P., David L. Marburger* and *Douglas R. Sergent,* urging affirmance for *amicus curiae*, Ohio Coalition for Government.

*Lucy A. Daiglish, pro hac vice,* urging affirmance for *amicus curiae*, Reporters Committee for Freedom of the Press.

*Spater, Gittes, Schulte & Kolman, Kathleen B. Schulte* and *Frederick M. Gittes*, urging affirmance for *amici curiae*, Ohio Civil Rights Coalition et al.

_____

**MOYER, C.J.**

{¶ 6} The issue presented by this appeal is whether the FOP could legally intervene in the mandamus action filed by the Dispatch, which seeks the release of public records pursuant to R.C. 149.43, based upon a provision in a collective bargaining agreement that requires periodic disposal of certain police records. Because our decision in *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 18 OBR 437, 481 N.E.2d 632, controls the disposition of this case, we affirm the judgment of the court of appeals.

{¶ 7} Civ.R. 24(A)(2) provides that anyone shall be allowed to intervene in a cause of action if "the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may * * * impede the applicant's ability to protect that interest * * * ." Furthermore, the applicant's interest in the action must be one that is "legally protectable." *In re Schmidt* (1986), 25 Ohio St.3d 331, 336, 25 OBR 386, 391, 496 N.E.2d 952, 957. Because we conclude that the FOP, through a collective bargaining agreement, cannot bar the statutorily mandated release of available public records, we hold that its interest was not an interest that is "legally protectable."

{¶ 8} In enacting R.C. 149.43, the General Assembly sought to provide broad access to public records. *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland* (1992), 63 Ohio St.3d 772, 775, 591 N.E.2d 708, 710. As we have stated,

the exceptions to R.C. 149.43 are limited, and the statute must be liberally construed to provide access unless access is clearly not provided by statute. See *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 51-52, 689 N.E.2d 25, 27. When the release of a public record is challenged, it is the function of the courts to analyze the information to determine whether it is exempt from disclosure. See *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786.

{¶ 9} When we examine the requested information at issue, there is no question that it is a public record. The FOP concedes this fact in its brief. The FOP argues, however, that because the requested information should have been disposed of pursuant to a provision in a collective bargaining agreement, the requested information can no longer be released. Essentially the FOP is asking us to hold that if a collective bargaining agreement sets forth a time frame for the destruction of public records, once that time expires the information loses its status as a public record.

{¶ 10} As we have often stated, so long as a public record is kept by a government agency, it can never lose its status as a public record. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 378, 662 N.E.2d 334, 338; see, also, *State v. Williams* (2000), 88 Ohio St.3d 513, 526, 728 N.E.2d 342, 356. Accordingly, even if a public record was scheduled for disposal but was not destroyed, it remains a public record kept by a government agency and is subject to the terms of R.C. 149.43. The only question that remains, then, is whether a provision in a collective bargaining agreement may supersede the mandates of R.C. 149.43. We answered this question in *Wells*.

{¶ 11} In *Wells*, a newspaper requested the civil service personnel files of a police detective. The civil service commission refused to provide the requested documents, citing a provision in a collective bargaining agreement between the city and the police department which indicated that ensuring the confidentiality of personnel records of police officers would take precedence over R.C. 149.43. 18

Ohio St.3d at 384, 18 OBR at 438, 481 N.E.2d at 634. The civil service commission argued that the collective bargaining agreement prevailed over R.C. 149.43 because former R.C. 4117.10(A) stated that, with regard to collective bargaining agreements, "Chapter 4117 of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117 of the Revised Code or as otherwise specified by the General Assembly." We found this argument to be without merit.

{¶ 12} We held that "[t]he wording in the cited portion of R.C. 4117.10(A) was designed to free public employees from conflicting laws which may act to interfere with the newly established right to collectively bargain. If respondents' construction of this provision were accepted, private citizens would be empowered to alter legal relationships between a government and the public at large via collective bargaining agreements." 18 Ohio St.3d at 384, 18 OBR at 439, 481 N.E.2d at 634. Such a result was beyond the General Assembly's contemplation in enacting R.C. 4117.10(A).

{¶ 13} The FOP argues, however, that the court of appeals misapplied *Wells*, stating that both the requested information and the collective bargaining provision at issue in *Wells* are factually distinct from those at issue in this case and, therefore, R.C. 4117.10(A) nullifies the effect of R.C. 149.43. Although the requested information and provisions are different, the FOP misinterprets the true purpose of R.C. 4117.10(A).

{¶ 14} The statement in current R.C. 4117.10(A) that "this chapter [R.C. Chapter 4117] prevails over any and all other conflicting laws" was never meant to allow parties to circumvent other laws passed by the General Assembly through the collective bargaining process. If the FOP's interpretation of R.C. 4117.10(A) were correct, then parties to a collective bargaining agreement could include a provision that all disputes between labor and management would be settled by a duel. As indicated in *Wells*, "[i]t is an axiom of judicial interpretation that statutes be

construed to avoid unreasonable or absurd consequences." 18 Ohio St.3d at 384, 18 OBR at 439, 481 N.E.2d at 634.

{¶ 15} It is not the substantive subject matter that the parties collectively bargain for that R.C. 4117.10(A) seeks to protect, but rather the procedures of the collective bargaining process. R.C. 4117.10(A) protects the procedures of the bargaining process with the goal of providing robust, open communication between the respective parties. The procedures for bargaining outlined in R.C. Chapter 4117 will, therefore, take precedence over any and all contrary laws, regulations, or resolutions that attempt to alter the bargaining process. While R.C. 4117.10(A) protects the procedures for collective bargaining, it does not allow parties to contract away the obligations of a government to its citizens. Cf. *State ex rel. Dist. 1199, Health Care & Social Serv. Union v. Gulyassy* (1995), 107 Ohio App.3d 729, 738-739, 669 N.E.2d 487, 493.

{¶ 16} Further, there is nothing in either R.C. Chapter 4117 or Chapter 149 that mandates disposal of public records. R.C. Chapter 4117 does not suggest in any of its sections that R.C. Chapter 4117 prevails over R.C. 149.43. In addition, while R.C. Chapter 149 includes several provisions that require various state agencies to provide rules and review procedures for public record disposal, it does not require the disposal of public records at any specified intervals of time. See R.C. 149.333.

{¶ 17} Accordingly, because the FOP could not legally bar the production of available public records through a records disposition provision in a collective bargaining agreement, it had no "legally protectable" interest that would allow it to intervene in the mandamus action filed by the Dispatch. We therefore affirm the judgment of the court of appeals.

*Judgment affirmed.*

COOK, J., concurs.

PFEIFER and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

_____

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 18} The lead opinion states that since the FOP could not bar the release of the records at issue, it lacked the legally protectable interest necessary for intervention. In essence, the court tells the FOP that because it would lose on the merits, it may not intervene. The whole case revolves around whether the FOP can stop the release of the public records based upon its collective bargaining agreement with the city. The FOP should have been a part of the determination and allowed to intervene.

{¶ 19} Still, I do agree with the majority that the records at issue are public records. Had the city destroyed the records, they would still be public records, just unavailable ones. The records here are public and available, and should be released to the Dispatch.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

**DOUGLAS, J., dissenting.**

{¶ 20} I respectfully dissent from the lead opinion because I believe that the trial court erred in overruling[1] the FOP's motion to intervene in this case. Intervention of right is governed by Civ.R. 24(A), which provides: "Upon timely application *anyone shall be permitted to intervene* in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

_____

1. The court did not explicitly overrule the FOP's motion, but rather it did so implicitly by entering a final judgment in the case without ruling on the motion.

(Emphasis added.) I believe that the FOP satisfied the requirements of Civ.R. 24(A)(2) and was, therefore, entitled to intervene in this case.

{¶ 21} The first element that must be met in order to satisfy Civ.R. 24(A)(2) is that the motion to intervene be timely filed. Whether a motion to intervene is timely depends on the facts and circumstances of the case. *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058, 1060. The facts of this case support the finding that the FOP's motion to intervene was timely filed.

{¶ 22} The FOP filed its motion to intervene just nine days after the Dispatch filed its complaint in the Franklin County Court of Common Pleas. At that time, no responsive pleading had been filed by the respondents and the deadline for that filing had not yet passed. Civ.R. 12(A). Moreover, contrary to the facts set forth in the court of appeals' opinion, the record indicates that the FOP's motion to intervene was filed *before* the Dispatch's motion for summary judgment was filed. These facts clearly show that the FOP acted promptly to preserve its interest and that the suit had not progressed to a point where the original parties would be prejudiced by permitting the FOP to intervene. See *Meagher*, 82 Ohio St.3d at 503, 696 N.E.2d at 1060.

{¶ 23} The second element required by Civ.R. 24(A)(2) is that the proposed intervenor must claim an interest relating to the property or transaction that is the subject of the action. As noted by the lead opinion, the proposed intervenor's claimed interest must be "legally protectable." *In re Schmidt* (1986), 25 Ohio St.3d 331, 336, 25 OBR 386, 391, 496 N.E.2d 952, 957. The lead opinion finds that the FOP lacks a legally protectable interest in this case. I disagree.

{¶ 24} R.C. 149.39 provides:

"There is hereby created in each municipal corporation a records commission * * *.

8

"The functions of the commission shall be to provide rules for retention and disposal of records of the municipal corporation and to review applications for one-time records disposal and schedules of records retention and disposition submitted by municipal offices."

**{¶ 25}** R.C. 149.39 also provides that the Auditor of State and the Ohio Historical Society must be notified of proposed records disposal and may prevent the records from being destroyed. In accordance with R.C. 149.39, the Columbus Division of Police submitted a Schedule of Records Retention and Disposition to the Columbus Records Commission. Thereafter, the Columbus Records Commission, the Ohio Historical Society, and the Auditor of State approved the schedule.

**{¶ 26}** The FOP claims that it has a legally protectable interest in preventing the information sought by the Dispatch from being released because, pursuant to Sections 10.10 and 10.11 of the FOP's collective bargaining agreement with the city of Columbus, which are consistent with the Schedule of Records Retention and Disposition adopted by the Columbus Division of Police, the city was required to destroy certain information before the Dispatch requested it.[2] Because the FOP's contract rights are directly affected by the outcome of this case, I believe that the FOP has a legally protectable interest in enforcing the provisions of the agreement. Thus, I believe that the second required element of Civ.R. 24(A)(2) is met.[3]

**{¶ 27}** I wish to make clear that in finding that the FOP satisfies the "claimed interest" requirement of Civ.R. 24(A)(2), I do not suggest that the FOP

---

2. Columbus Police Chief James Jackson sustained the FOP's grievance, thereby agreeing that the city had failed to delete records in accordance with the collective bargaining agreement.

3. My finding is buttressed by the United States District Court's order earlier this year permitting the FOP's intervention in a related case, *United States v. City of Columbus* (Feb. 7, 2000), S.D.Ohio E.D. No. 2:99-CV-1097, unreported, finding that a clause in the collective bargaining agreement "presents a significantly protectable interest on the part of the FOP warranting its intervention as of right under [Fed.R.Civ.P.] 24(a)(2)." The language in Fed.R.Civ.P. 24(a)(2) is virtually identical to the language in Ohio's Civ.R. 24(A)(2).

would, or would not, be successful on the merits in this case, only that, for the purposes of intervention, the FOP's interest is legally protectable. The lead opinion, on the other hand, determines that the FOP would not be successful on the merits if permitted to intervene in this case and thus finds that the FOP does not have a legally protectable interest. In my view, the lead opinion puts the proverbial cart before the horse. By requiring that the FOP show that it would be successful on the merits of the case, the lead opinion adds a requirement for intervention that is not contained in Civ.R. 24(A)(2). This additional requirement significantly increases the burden on proposed intervenors and is inconsistent with this court's prior assertions that Civ.R. 24 should be liberally construed in favor of intervention. See, *e.g.*, *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 534, 696 N.E.2d 1079, 1081.

{¶ 28} The third element that must be met in order to satisfy Civ.R. 24(A)(2) is that the disposition of the action may, as a practical matter, impair or impede the proposed intervenor's ability to protect its interest in the action. This element is also satisfied in the case at bar. It is obvious that a writ in mandamus requiring that the information at issue be released to the Dispatch impairs the FOP's ability to protect its interest in keeping the information from being released.

{¶ 29} The final element that must be met in order to satisfy Civ.R. 24(A)(2) is that the proposed intervenor's interest is not adequately represented by existing parties. The record in this case reveals that the parties named as respondents in the trial court, *i.e.*, the city of Columbus, City Safety Director Thomas Rice, the Columbus Division of Police, and Columbus Police Chief James Jackson (collectively referred to as "the city"), did not adequately represent the FOP's interest. The city did not file an answer in this case, nor did it oppose the Dispatch's motion for summary judgment. Moreover, the city admitted,[4] in its response to the

---

4. The FOP claims that the city's answers to the Dispatch's request for admissions were prepared for the city in advance by the Dispatch and its counsel. The FOP's "evidence" for this assertion is

Dispatch's requests for admission, that the information sought by the Dispatch is a "public record" under R.C. 149.43. This admission, which is contrary to the FOP's position,[5] was a basis for the Dispatch's motion for summary judgment and the trial court's decision to grant summary judgment.

{¶ 30} Accordingly, for the reasons set forth above, I believe that the elements required by Civ.R. 24(A)(2) were clearly met in this case and that the trial court was in error in denying the FOP leave to intervene as a party respondent. I would, therefore, reverse the court of appeals' judgment and remand this cause to the trial court with instructions to allow the FOP to intervene as a party respondent. Thus, I respectfully dissent from the lead opinion.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

———————————

found on page 8 of the FOP's brief, filed February 23, 2000, and states that "[t]he admissions signed on behalf of the City are keyboarded in a document that bears the same computer-coded footer prefix as the pleading and motions that the Dispatch has filed in this case." This statement, of course, is not evidence and, accordingly, I have only referred to the issue in a footnote. One can only hope that the Dispatch did not initiate and the city did not participate in any such procedure. This was, after all, supposed to be an adversary proceeding.

5. The majority states that "there is no question that [the requested information at issue] is a public record. The FOP concedes this fact in its brief." Upon review of the FOP's initial brief and its reply brief, I do not find such a concession. On the contrary, in its initial brief, the FOP repeatedly refers to the information at issue as "defunct" and "delinquent" and explicitly states that the records sought by the Dispatch are not public records. Furthermore, within the same paragraph of the majority opinion is the statement that "[e]ssentially the FOP is asking us to hold that if a collective bargaining agreement sets forth a time frame for the destruction of public records, once that time expires the information loses its status as a public record." This statement contradicts the majority's prior statement that the FOP concedes that the information at issue is a public record.

I also note that Section 10.11 of the collective bargaining agreement relates to the computerized disciplinary database maintained by the city. Section 10.11 requires only that the officers' names and other information that identifies specific officers be deleted. Furthermore, Section 10.11 specifically provides that "the descriptive information of the members involved and of the circumstances will be retained (including but not limited to: age, race, sex, and rank of the member issuing and receiving the discipline, the date, shift, and unit of the officers involved; and a description of the discipline issued and the circumstance leading thereto)." The FOP does not contest that the information retained in conformance with Section 10.11 should be made available to the Dispatch. The FOP seeks only to have the names and other identifying information deleted.