KELLER ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* CITY OF COLUMBUS, APPELLEE; FRATERNAL ORDER OF POLICE, CAPITAL CITY LODGE NO. 9, APPELLEE AND CROSS-APPELLANT.

[Cite as *Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599.]

(No. 2002–0551—Submitted March 25, 2003—Decided November 5, 2003.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} The legal issue in this case, in the context of whether plaintiffs' complaint states a claim upon which relief can be granted, is the extent to which a collective bargaining agreement may establish a schedule for the destruction of public records in light of the dictates of the Public Records Act.

{¶ 2} On January 19, 2000, appellants, Steven R, Keller, Federal Public Defender for the Southern District of Ohio, the Ohio Civil Rights Commission, Copwatch, and the Columbus Employment Lawyers Association ("plaintiffs"), filed a complaint in the Franklin County Court of Common Pleas against appellees, the city of Columbus and James G. Jackson, in his official capacity as Chief of the Columbus Division of Police (together referred to as the "city").

{¶ 3} The plaintiffs alleged that the city and the Fraternal Order of Police, Capital City Lodge No. 9 ("FOP") were negotiating a collective bargaining agreement that would establish schedules for the destruction of public records. Plaintiffs alleged that the agreement would violate the Public Records Act in the following ways: (1) the agreement would encroach upon the city record commission's authority to revise records-retention schedules, (2) the agreement would provide for the destruction of records without the required review of the documents by the State Auditor, and (3) the agreement would provide for the destruction of "member identifiable information" from public records contained in an electronic database for which there is no records-retention schedule permitting its destruction. They also alleged that under a recently expired agreement, the FOP had pursued grievances regarding the destruction of records pursuant to a provision in the agreement that, in effect, permitted the arbitrator to decide on the destruction of records without public participation.

{¶ 4} The plaintiffs sought the following relief: (1) an order enjoining negotiating and/or executing an agreement that addressed disposition of public records, (2) an order requiring the city and the FOP to notify the plaintiffs when grievances regarding destruction of any records are filed, (3) an award of reasonable costs and attorney fees, and (4) a declaratory judgment that provisions in either the "current" or "future" agreement that address the disposition of public records are unlawful and unenforceable.

{¶ 5} On February 1, 2000, the FOP filed a motion to intervene and a Civ.R. 12(B)(6) motion to dismiss plaintiffs' complaint. On February 28, 2000, the city also filed a Civ.R. 12(B)(6) motion to dismiss.

{¶ 6} On April 12, 2000, the plaintiffs filed an amended complaint, adding a petition for a writ of mandamus to compel the city to produce certain public records contained in the electronic database.

{¶ 7} On November 30, 2000, the trial court granted the FOP's motion to intervene. The trial court also issued a writ of mandamus compelling the city to produce the requested records, citing *State ex rel. Dispatch Printing Co. v. Columbus* (2000), 90 Ohio St.3d 39, 734 N.E.2d 797.

{¶ 8} The city and the FOP moved to dismiss the amended complaint, incorporating their prior arguments. On August 7, 2001, the trial court dismissed plaintiffs' complaint for failure to state a claim upon which relief could be granted. In its decision, the trial court reasoned that "[t]he collective bargaining agreement between the City and the FOP mirrors the City's Records Retention Schedule in terms of the specified retention periods."

{¶ 9} The plaintiffs appealed. The appellate court reversed part of the trial court's judgment, holding that "to the extent the amended complaint has alleged that the city may destroy public records in violation of public records laws and/or commission rules and has requested an injunction compelling the city to comply with the law and/or rules, appellants have stated a claim under R.C. 149.351." The appellate court affirmed the remainder of the trial court's judgment, stating that plaintiffs "have failed to state any other claims upon which the relief requested may be granted."

{¶ 10} The cause is now before this court upon the allowance of plaintiffs' discretionary appeal and the FOP's cross-appeal.

### III. The Parties' Propositions of Law

{¶ 11} Plaintiffs urge this court to hold that "[t]he destruction of public records is not a proper subject of collective bargaining" and that this is the standard for determining whether their complaint states a claim upon which relief can be granted.

{¶ 12} The FOP asserts two propositions of law on cross-appeal. One asserts that this case involves an unfair-labor-practice claim and that the State Employment Relations Board ("SERB"), not the court of common pleas, has exclusive jurisdiction over this matter. The other asserts that when a party submits materials outside its pleadings in opposing a Civ.R. 12(B)(6) motion to dismiss and does not request a continuance for discovery pertinent to the motion or to show prejudice, the party may not claim reversible error if the trial court considers the outside materials and grants the motion to dismiss without formal conversion to a summary judgment process.

### IV. Analysis

A. Jurisdictional Claims by the FOP

{¶ 13} We begin our analysis with the preliminary issue of jurisdiction and the FOP's argument that SERB has exclusive jurisdiction over this case. The FOP characterizes the issue in terms of an unfair labor practice. Specifically, the FOP alleges that Ohio law requires that the continuation, modification, or deletion of an existing provision of a collective bargaining agreement is a subject of mandatory collective bargaining pursuant to R.C. 4117.08(A). Therefore, the FOP argues,

precluding negotiation of provisions for a new agreement that existed in the prior agreement (i.e., provisions that address retention and destruction of public records) would result in an unfair labor practice, which is subject to the exclusive jurisdiction of SERB, thereby divesting courts of jurisdiction. We disagree.

{¶ 14} SERB does not have exclusive jurisdiction over every claim that can somehow be cast in terms of an unfair labor practice. *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127, 637 N.E.2d 878. Plaintiffs' claims are based on the Public Records Act, independent of R.C. Chapter 4117, and are therefore not within the exclusive jurisdiction of SERB. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87. Consequently, the FOP's cross-appeal on this issue is meritless.

### B. The Trial Court's Granting of the Motion to Dismiss

{¶ 15} The trial court granted the FOP's and city's motions to dismiss after considering and comparing the agreement with the city's records-retention schedule submitted by the plaintiffs. The court of appeals held that this was reversible error.

{¶ 16} The FOP argues that the trial court's error in examining matters beyond the pleadings was invited when the plaintiffs attached the collective bargaining agreement to a pleading filed with that court. We disagree.

{¶ 17} In support of its Civ.R. 12(B)(6) motion to dismiss plaintiffs' complaint in the trial court, the FOP attached excerpts from the expired collective bargaining agreement. Plaintiffs then attached the city's records-retention schedule in their memorandum *in response*. Thus, the FOP's argument that plaintiffs invited the error is negated by the FOP's earlier attachment of extraneous material to its own motion to dismiss.

{¶ 18} The FOP also argues that the agreement and the records-retention rules are not matters beyond the pleadings and consequently that the trial court's consideration of them was not error. However, the materials were not part of the original pleadings and therefore cannot properly be considered in reviewing a Civ.R. 12(B)(6) motion to dismiss. It is the court's responsibility either to disregard extraneous material or to convert a motion to dismiss into a motion for summary judgment when additional materials are submitted.

{¶ 19} Therefore, we agree with the court of appeals, but this conclusion requires only a remand to consider the matter as on a motion for summary judgment and does not prohibit our consideration of the key issue of whether the complaint states a claim. Accordingly, we find that the FOP's cross-appeal on this issue is meritless.

C. Collective Bargaining Agreement Versus the Public Records Act

{¶ 20} In their sole proposition of law, plaintiffs urge this court to hold that "[t]he destruction of public records is not a proper subject of collective bargaining." We find no persuasive legal support for adopting such a sweeping proposition. However, we do hold that the Public Records Act controls over any conflicting provision in a collective bargaining agreement.

{¶ 21} In *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 18 OBR 437, 481 N.E.2d 632, respondents argued that a provision in a collective bargaining agreement requiring a public record to be kept confidential took precedence over the requirements of the Public Records Act pursuant to R.C. 4117.10(A), which pertains to collective bargaining. We recognized that "Chapter 4117 of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117 of the Revised Code or as otherwise specified by the general assembly." Id. at 384, 18 OBR 437, 481 N.E.2d 632. (The quoted sentence is substantially unchanged.) However, we also recognized that accepting respondent's argument would mean that "private citizens would be empowered to alter legal relationships between a government and the public at large via collective bargaining agreements." Id. We rejected this interpretation as unreasonable. Id.

{¶ 22} Moreover, in *State ex rel. Dispatch Printing Co. v. Columbus* (2000), 90 Ohio St.3d 39, 42, 734 N.E.2d 797, we recognized that "R.C. 4117.10(A) protects the procedures of the bargaining process" for the purpose of promoting open communication. However, we reiterated that R.C. 4117.10(A) "does not allow parties to contract away the obligations of a government to its citizens." Id.

{¶ 23} Consequently, we hold that any provision in a collective bargaining agreement that establishes a schedule for the destruction of public records is unenforceable if it conflicts with or fails to comport with all of the dictates of the Public Records Act.

{¶ 24} Guided by this statement of law we now determine whether plaintiffs' complaint states a claim upon which relief can be granted. We must first examine whether plaintiffs state a claim for declaratory relief. We then examine whether plaintiffs' complaint states a violation under the Public Records Act, R.C. 149.351(A) in particular. Finally, we examine what relief may be available under R.C. 149.351(B) for any such violations.

D. Plaintiffs' Claims

1. Declaratory Judgment Pursuant to R.C. 2721.03

{¶ 25} Plaintiffs' complaint prayed for "judgment declaring the provisions in the current collective bargaining agreement and any future agreement concern-

ing records retention schedules and removal and/or destruction of records unlawful and unenforceable."

{¶ 26} To the extent that plaintiffs seek a declaratory judgment regarding negotiation of "any *future* agreement," we hold that there is no claim for which relief can be granted. (Emphasis added.) "Any person whose rights, status or other legal relations are affected by a law may have determined any question of construction or validity arising under such law, where actual or threatened prosecution under such law creates a *justiciable* controversy." (Emphasis added.) *Pack v. Cleveland* (1982), 1 Ohio St.3d 129, 1 OBR 166, 438 N.E.2d 434, at paragraph one of the syllabus. In order to be justiciable, a controversy must be ripe for review. *R.A.S. Entertainment, Inc. v. Cleveland* (1998), 130 Ohio App.3d 125, 129, 719 N.E.2d 641. Where the declaratory action involves interpretation of a contract but there is insufficient evidence that a contract even exists, the issue is not ripe for review. *Doyle v. Allen Water Dist.* (Mar. 25, 1997), 3d Dist. No. CA 96 04 0020 et seq., 1997 WL 205357. By its very nature, a future collective bargaining agreement does not exist, and therefore plaintiffs' claim regarding any future agreement is not ripe for review.

{¶ 27} However, as to any current agreement in effect, to the extent that plaintiffs' complaint alleges that any provision establishes a schedule for the destruction of a public record conflicts or fails to comport with the dictates of the Public Records Act, the complaint states a claim upon which declaratory relief can be granted.

2. Plaintiffs' Allegations of Violations of R.C. 149.351(A)

{¶ 28} Plaintiffs alleged causes of action under various sections of the Public Records Act. We find R.C. 149.351 to be dispositive in determining whether plaintiffs' complaint states a claim upon which relief can be granted under the Public Records Act. In this section we examine R.C. 149.351(A).

{¶ 29} Plaintiffs' complaint alleged that the city violated the public records law in three ways: (1) provisions in the agreement that establish a records-retention schedule unlawfully encroach upon the city records commission's authority to revise records-retention schedules, (2) provisions in the agreement that establish a records-retention schedule fail to require approval of the State Auditor, and (3) a provision in the collective bargaining agreement that calls for the destruction of "member identifiable information" contained in an electronic database violates the Public Records Act because there is no records-retention schedule that provides for the destruction of that information.

{¶ 30} R.C. 149.351(A) provides:

{¶ 31} "All records are the property of the public office concerned and *shall not be* removed, destroyed, mutilated, transferred, or otherwise damaged or

disposed of, in whole or in part, except as provided by law or *under the rules adopted by the records commissions* * * *." (Emphasis added.)

{¶ 32} Subsection (A) provides that no public records can be destroyed except pursuant to a commission *rule* or as otherwise permitted by *law*. Consequently, destruction of a record not authorized by commission rule or otherwise permitted by law is a violation of R.C. 149.351(A).

{¶ 33} Plaintiffs' first claim alleged that a provision in the agreement calls for the destruction of certain public records without requiring the State Auditor to review these records as required by law. R.C. 149.39 provides that "[w]hen municipal records have been approved for disposal, a list of such records shall be sent to the auditor of state." Therefore, accepting plaintiffs' allegations as true, this claim alleges a violation of R.C. 149.351(A).

{¶ 34} Plaintiffs' second claim alleged that provisions in the agreement establish schedules for the destruction of public records that unlawfully limit the commission in revising retention schedules. R.C. 149.39 also provides, "The commission may at any time review any schedule it has previously approved, and for good cause shown may revise that schedule." Accepting plaintiffs' allegations as true, this claim also alleges a violation of R.C. 149.351(A).

{¶ 35} Plaintiffs' third allegation requires more analysis. At oral argument, plaintiffs clarified this allegation, asserting that the city's records-retention schedule provides for the destruction of certain public records after entering the information contained in these records into an *electronic database*, but the schedule never addresses when the *electronic database* can be destroyed. Thus, plaintiffs alleged that a provision in an agreement that permitted the destruction of member-identifiable information (public record) contained only in an electronic database conflicted with the records-retention schedule because the schedule does not provide any timetable for the destruction of the member-identifiable information once it is converted to an electronic database.

{¶ 36} The FOP argues that the member-identifiable information in the electronic database is merely a subset, in a different format, of the hardcopy version of the member-identifiable information. Therefore, the FOP argues, the records-retention rule that permits the destruction of the hardcopy version of the member-identifiable information likewise authorizes the destruction of the electronic copy of the member-identifiable information. This argument requires analysis of the purpose of the electronic database.

{¶ 37} If a records-retention rule makes clear that the destruction timetable applies to all copies of the record, regardless of the storage format, then all forms may be destroyed. However, if a records-retention rule permits the destruction of a public record contingent upon conversion of that information into another format for a purpose such as easier storage or retrieval, but provides no further

instruction as to the disposition of the record in the new format, then it is clear that the intent of the commission was for the record in the new format to survive destruction of the old. It will continue to exist as a public record in that format, until the commission takes further action in compliance with R.C. 149.39 to authorize its destruction. See, generally, *Dispatch Printing*, 90 Ohio St.3d 39, 734 N.E.2d 797. Therefore, accepting plaintiffs' allegations as true, we hold that plaintiffs' third allegation states a violation of R.C. 149.351(A).

{¶ 38} We must now examine whether and to what extent these three alleged violations of R.C. 149.351(A) state a claim for relief that may be granted under R.C. 149.351(B).

### 3. Relief Available Under R.C. 149.351(B)

{¶ 39} R.C. 149.351(B) provides:

{¶ 40} "*Any person who is aggrieved* by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or *by threat* of such removal, *destruction*, mutilation, transfer, or other damage to or disposition of such a record, *may commence* either or both of the following in the court of common pleas of the county in which division (A) of this section allegedly was violated or is threatened to be violated:

{¶ 41} "(1) *A civil action for injunctive relief* to compel compliance with division (A) of this section, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action;

{¶ 42} "(2) A civil action to recover a forfeiture in the amount of one thousand dollars for each violation, and to obtain an award of reasonable attorney's fees incurred by the person in the civil action." (Emphasis added.)

{¶ 43} Thus, R.C. 149.351(B) provides that the destruction or *threatened destruction* of a public record in violation of R.C. 149.351(A) permits an aggrieved person to commence a civil action for injunctive relief, forfeiture, and attorney fees.

### a. Injunctive Relief

{¶ 44} The plaintiffs sought "[a] preliminary and permanent order *enjoining* the [city and the FOP] from continuing negotiations * * * or * * * [i]n the alternative * * * preliminary and permanent order enjoining the defendants-respondents from execution of and/or enforcing any provision in a collective bargaining agreement * * * concerning record retention schedules and/or removal * * * of records and information contrary to law."

{¶ 45} A provision in an *existing* agreement that calls for the destruction of a public record that is not otherwise authorized by law or commission rule is clearly a threat that permits the aggrieved party to commence a civil action for injunctive relief pursuant to R.C. 149.351(B). Therefore, we hold that plaintiffs' complaint states a claim upon which injunctive relief may be granted pursuant to R.C. 149.351(B).

{¶ 46} Plaintiffs also seek injunctive relief regarding *negotiation* of provisions in a collective bargaining agreement that address the destruction of public records not otherwise authorized by the law or commission rule. Negotiations are merely a means to an end that impose no obligation on any party to agree to inclusion of any particular provision in a collective bargaining agreement. Negotiations are merely the process of give and take for the purpose of reaching a final agreement. In other words, negotiated issues are not necessarily manifested by provisions within the resulting agreement.

{¶ 47} Thus, we find that *negotiation* of a provision for a collective bargaining agreement that establishes a schedule for the destruction of a public record not otherwise authorized by law is too speculative to constitute a threat to destroy the public record. Accordingly, we hold that plaintiffs' complaint seeking an order to enjoin negotiation of such a provision fails to state a claim upon which injunctive relief can be awarded pursuant to R.C. 149.351(B).

b. Notice

{¶ 48} Plaintiffs allege that provisions within a collective bargaining agreement that permit the destruction of public documents will be subject to grievances and consequently arbitration. Plaintiffs allege that the disposition of public documents in this manner violates the Public Records Act because it makes the decision to destroy in private without public scrutiny. Plaintiffs seek a court order requiring the city and FOP to notify the plaintiffs whenever a grievance regarding disposition of a public record is filed.

{¶ 49} Even accepting plaintiffs' allegations as true, we find that they do not state a claim upon which relief can be granted, because the Public Records Act does not require notice when a record is being destroyed pursuant to the records-retention schedule, and we will not add such a requirement by judicial fiat. This issue is better addressed by the General Assembly.

{¶ 50} Moreover, as we held above, a provision within a collective bargaining agreement that addresses the destruction of a public record must fully comport with the requirements of the Public Records Act. Any provision in an agreement that purports to permit the destruction of a public record without authorization of the commission is subject to a declaratory judgment that it is unenforceable, as

well as possible remedies under R.C. 149.351. These safeguards should prevent unauthorized destruction of public records.

### c. Attorney Fees

{¶ 51} Plaintiffs also seek reasonable attorney fees. R.C. 149.351(B)(1) provides for an "award of * * * reasonable attorney's fees incurred * * * in the civil action." Since we are remanding this issue for the trial court to apply our holding to the plaintiffs' claims, we also remand the issue of attorney fees to the trial court to decide after determining whether plaintiffs prevail upon their claims.

### V. Conclusion

{¶ 52} Assuming plaintiffs' allegations to be true, we hold that plaintiffs' complaint states a claim upon which declaratory judgment could be granted to the extent that it alleges that a provision in an existing agreement conflicts with or fails to comport with the dictates of the Public Records Act.

{¶ 53} We also hold that the plaintiffs' three claims allege violations of R.C. 149.351(A) for which the following relief under R.C. 149.351(B) could be granted: (1) injunction, (2) a civil action to recover forfeiture, and (3) reasonable attorney fees. With regard to all other relief requested, we hold that plaintiffs' complaint fails to state a claim upon which relief can be granted.

{¶ 54} We remand this case to the trial court to apply our holding to plaintiffs' complaint.

Judgment affirmed in part
and reversed in part.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

GRENDELL, J., concurs in part and dissents in part.

DIANE V. GRENDELL, J., of the Eleventh Appellate District, sitting for COOK, J.

---

**GRENDELL, J., concurring in part and dissenting in part.**

{¶ 55} I concur in the well-reasoned and erudite opinion of the majority, with one exception. The exception is that this court should adopt the following proposition: Negotiation of the destruction of public records involving terms that are contrary to, or conflict with, the Public Records Act is not permitted within collective bargaining.

{¶ 56} To the extent that plaintiffs' complaint alleges that the current collective bargaining agreement establishes a schedule for the destruction of public records that conflicts with or fails to comply with the Ohio Public Records Act, plaintiffs' complaint states a cause of action upon which declaratory judgment can be

granted.[1] Allowing parties (well intentioned or otherwise) to circumvent state laws protecting the public's access to public records is not only contrary to sound public policy promulgated by the legislature, it is both dangerous and detrimental to the public good. As Thomas Jefferson so aptly noted, "The way to prevent [the] irregular interpositions of the people is to give them full information of their affairs through the channel of the public papers, and to contrive that those papers should penetrate the whole mass of the people." Thomas Jefferson to Edward Carrington (Jan. 16, 1787), in 6 The Writings of Thomas Jefferson, Memorial Edition (Lipscomb & Bergh Eds.1904) 58.[2] For, as Jefferson warned, the key to maintaining our republican form of government is "narrowly watching it." Thomas Jefferson to Joseph Fay (Mar. 18, 1793), id., Volume 9, 45. Jefferson's concern for public scrutiny of governmental actions was rooted in his belief that government officials bereft of public accountability are prone to abuse their powers. "Unless the mass retains sufficient control over those entrusted with the powers of their government, these will be perverted to their own oppression, and to the perpetuation of wealth and power in the individuals and their families selected for the trust." Thomas Jefferson to M. van der Kemp (Mar. 22, 1812), id., Volume 13, 136.

{¶ 57} To the extent that the collective bargaining agreement in this case provides for the destruction of public documents without public input and outside the requirements of the Public Records Act, such destruction is impermissible, *as a matter of law.*

{¶ 58} The majority, however, declined to adopt the plaintiffs' proposition that "[t]he destruction of public records is not a proper subject of collective bargaining." I respectfully disagree with the majority on this limited issue. If the contractual provision resulting from negotiations is unlawful because it violates the Public Records Act, the negotiation of the unlawful contractual provision equally violates that statute. This is particularly true because the statute protects the rights of the general public, who are neither present nor represented during the negotiations.

---

1. Plaintiffs' second claim alleges that a provision in the collective bargaining agreement calls for the destruction of certain public records without requiring the State Auditor to review these records as required by law. R.C. 149.39 provides that "[w]hen municipal records have been approved for disposal, a list of such records shall be sent to the auditor of state." R.C. 149.39 further provides that if the State Auditor "disapproves of the action by the municipal commission [to approve destruction of the records], in whole or in part, he shall so inform the commission within a period of sixty days and these records shall not be destroyed." Accepting plaintiffs' allegations as true, this claim alleges a violation of R.C. 149.351(A).

2. Excerpts of which can be located at http://etext.lib.virginia.edu/jefferson/quotations/.

{¶ 59} There are three classifications of collective bargaining subjects: (1) mandatory subjects, on which neither side may refuse to engage in good-faith bargaining; (2) illegal subjects, which cannot, by law, be included in a collective bargaining agreement; and (3) permissive subjects, which may be, but are not required to be, included in the bargaining process. *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Employees, AFL–CIO* (1991), 61 Ohio St.3d 658, 663–664, 576 N.E.2d 745. Provisions that cannot, by law, be included in a collective bargaining agreement are " 'illegal' subjects of bargaining." Id. at 664, 576 N.E.2d 745. As the majority in effect concludes, the document-destruction contractual provisions in this case, if proven as alleged, constitute such illegal subjects. If an issue is an illegal subject of bargaining, such as the public-document destruction in this case, it necessarily follows that negotiations pertaining to the illegal subject are foreclosed. However, the negotiation of provisions that are neither contrary to nor in conflict with the Public Records Act or other statutes is fully permissible.

{¶ 60} Moreover, "negotiation" involves "[d]ealings conducted between two or more parties for the purpose of *reaching an understanding*." (Emphasis added.) Black's Law Dictionary (7th Ed.1999) 1059. It is axiomatic that two parties cannot lawfully reach a binding understanding on an illegal issue that cannot properly be included in a collective bargaining agreement. Therefore, negotiation of an illegal provision would be inefficient and illogical and would not constitute true "negotiations."

{¶ 61} Further, collective bargaining in Ohio requires "negotiat[ions] in *good faith.*" (Emphasis added.) See R.C. 4117.01(G). Permitting negotiations on a subject that is illegal and that, in the end, cannot even be lawfully included in a collective bargaining agreement would promote bad-faith negotiations and unfair labor practices. See *Natl. Labor Relations Bd. v. Amalgamated Lithographers of Am.* (C.A.9, 1962), 309 F.2d 31, 42–43 (a tactic used to "obtain a contract clause which is unlawful * * * is * * * an unfair labor practice"); see, also, *Parents Union for Pub. Schools in Philadelphia v. Bd. of Edn. of Philadelphia* (1978), 480 Pa. 194, 200, 389 A.2d 577, 580 (Manderino, J., dissenting) ("Bargaining over provisions which are illegal cannot be good faith bargaining, and constitutes an unfair labor practice").

{¶ 62} In this case, any negotiations concerning a provision that would establish a schedule for the destruction of a public record not otherwise authorized by law would be as unlawful as the resulting contractual provision. Parties, however, are not precluded from negotiating the inclusion of provisions establishing a schedule authorized by and in conformity with the Public Records Act. Plaintiffs' complaint, therefore, states a claim upon which injunctive relief may be granted pursuant to R.C. 149.351(B), but only to the limited extent to which it would

enjoin negotiations concerning the inclusion of a provision in the collective bargaining agreement that is contrary to law.

{¶ 63} Therefore, I concur with the holdings stated in the majority's conclusion, (Section V), but would add the limited injunctive relief discussed above.

---

Gittes & Schulte, Frederick M. Gittes and Kathaleen B. Schulte, for appellants and cross-appellees.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Glenn B. Redick, Chief Litigation Attorney, for appellees city of Columbus and James G. Jackson.

Vorys, Sater, Seymour & Pease, L.L.P., James E. Phillips and John J. Kulewicz, for appellee the Fraternal Order of Police.

Baker & Hostetler, L.L.P., and David L. Marburger, for amici curiae Ohio Newspaper Association and Ohio Coalition for Open Government, in support of appellants.