**BEER et al., Appellees; Workers' Guardian Self–Insured Fund, Appellant,**

v.

**CINCINNATI MACHINES, INC., et al., Appellees.**

[Cite as *Beer v. Cincinnati Machines, Inc.*, 159 Ohio App.3d 715, 2005-Ohio-901.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040428.

Decided March 4, 2005.

Martin & Bailey, C. Curtis Walden, and Stephen C. Kessen, for appellees.

Greenebaum, Doll & McDonald, P.L.L.C., and Harry D. Rankin; Jones, Dietz & Shrand, P.L.L.C., and Kenneth J. Dietz, for appellant.

SUNDERMANN, Judge.

{¶ 1} Workers' Guardian Self–Insured Fund ("WGSIF") appeals the trial court's judgment that denied WGSIF's motion to intervene. Because we conclude that the sole assignment of error is not well taken, we affirm the judgment of the trial court.

{¶ 2} In 2000, Phillip Beer filed a lawsuit in Ohio against Cincinnati Machines, Inc., Mohawk Machinery, Inc., and In Motion, Inc., seeking damages for injuries he suffered while performing work for In Motion at premises owned and/or operated by Cincinnati Machines and Mohawk Machinery. WGSIF, which provided In Motion's workers' compensation coverage, sought to intervene in the action as a matter of right, asserting that it had an interest in the action because it had paid approximately $280,000 in compensation benefits to Beer. The trial court denied WGSIF's motion to intervene.

{¶ 3} In its sole assignment of error, WGSIF asserts that the trial court erred in denying its motion to intervene because WGSIF had a right to intervene pursuant to Ky.Rev.Stat.Ann. 342.700.

{¶ 4} Civ.R. 24(A)(2) provides: "Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The applicant's interest in the action must be a "legally protectable" interest.[1]

{¶ 5} In order to determine whether WGSIF had a legally protectable interest in Beer's lawsuit, we must first determine which state's law—Ohio's or Kentucky's—should apply. The Fourth Appellate District has stated that the issue of subrogation should be determined by the law of the state where the workers' compensation coverage exists.[2] But we agree with the Tenth Appellate District that the existence of one state's workers' compensation coverage should not automatically determine the choice of law.[3] We look to the analysis set out by the Ohio Supreme Court in *Morgan v. Biro Mfg. Co., Inc.*[4] The court stated that "a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit."[5] To determine which state has the more significant relationship, a court should consider factors including "(1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place

---

**1.** *State ex rel. Dispatch Printing Co. v. Columbus* (2000), 90 Ohio St.3d 39, 40, 734 N.E.2d 797.

**2.** *Thomas v. Cook Drilling Co.* (Mar. 11, 1996), 4th Dist. No. 94CA58, 1996 WL 114505, reversed on other grounds, 79 Ohio St.3d 547, 1997-Ohio-365, 684 N.E.2d 75.

**3.** *Glatkowski v. Grant Med. Ctr.* (Aug. 9, 1994), 10th Dist. No. 94APE04–466, 1994 WL 454715.

**4.** *Morgan v. Biro Mfg. Co., Inc.* (1984), 15 Ohio St.3d 339, 15 OBR 463, 474 N.E.2d 286.

**5.** Id. at 342, 15 OBR 463, 474 N.E.2d 286.

of incorporation, and place of business of the parties; [and] (4) the place where the relationship between the parties, if any, is located." [6]

{¶ 6} Applying *Morgan* to the case before us, we conclude that Ohio has the more significant relationship to this lawsuit. Beer alleged that his injury occurred in Ohio. Beer is a resident of Ohio, and Cincinnati Machines and Mohawk Machinery are based in Ohio. The only Kentucky contacts are Beer's workers' compensation coverage through WGSIF and Beer's former employer, In Motion, Inc. Accordingly, we look to Ohio law to determine whether Ky.Rev.Stat. Ann. 342.700 gives WGSIF a legally protectable interest in the Ohio action.

{¶ 7} In *Holeton v. Crouse Cartage Co.*, the Ohio Supreme Court considered the constitutionality of Ohio's workers' compensation subrogation statute, R.C. 4123.931.[7] The court concluded that although a workers' compensation subrogation statute was not per se unconstitutional, R.C. 4123.931 violated Sections 2, 16, and 19, Article I of the Ohio Constitution. The court's analysis focused on two sections of the statute. R.C. 4123.931(A), which gave a statutory subrogee a right of subrogation with respect to "estimated future values of compensation and medical benefits" could, in the court's view, result in an unconstitutional taking where "the amount of reimbursement for 'estimated future values of compensation and medical benefits' proves to be substantially greater than the subrogee's eventual compensation outlay." [8]

{¶ 8} The court also concluded that R.C. 4123.931(D) violated the Equal Protection, Due Process, and Takings Clauses of the state constitution, because while it provided that a claimant who was successful in a jury trial could request interrogatories to quantify which part of the jury award was attributable to compensation and medical benefits, a claimant who settled was not afforded the same opportunity.[9]

{¶ 9} After R.C. 4123.931 was ruled unconstitutional, the predecessor statute, R.C. 4123.93, became effective again. In *Modzelewski v. Yellow Freight Sys., Inc.*, the Ohio Supreme Court reviewed R.C. 4123.93's constitutionality.[10] R.C. 4123.93(D) provided, "The right of subrogation which inures to the benefit of the [subrogee] * * * is automatic and applies *only if the employee is a party to an*

---

6. Id.

7. *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 748 N.E.2d 1111.

8. Id. at 123, 748 N.E.2d 1111.

9. Id. at 126, 748 N.E.2d 1111.

10. *Modzelewski v. Yellow Freight Sys., Inc.*, 102 Ohio St.3d 192, 2004-Ohio-2365, 808 N.E.2d 381.

*action involving the third-party tortfeasor.*" (Emphasis added.) [11] Like R.C. 4123.931, R.C. 4123.93 created a distinction between claimants. In this case, the distinction was between those claimants who instituted actions and those who did not. But the Supreme Court did not base its conclusion solely on that distinction. Rather, the court held that the statute was "unconstitutional because it precludes claimants who are parties to actions against third-party tortfeasors from showing that their tort recovery or portions thereof do not duplicate their workers' compensation recovery and, therefore, do not represent a double recovery." [12]

{¶ 10} With guidance from *Holeton* and *Modzelewski*, we consider the Kentucky workers' compensation subrogation statute. Ky.Rev.Stat.Ann. 342.700 provides, "If the injured employee elects to proceed at law by civil action against the other person to recover damages, he shall give due and timely notice to the employer and the special fund of the filing of the action." The requirement of notice to the employer and the special fund applies only to those claimants instigating a civil action. As with both versions of the Ohio statute reviewed by the Ohio Supreme Court, the Kentucky statute creates a distinction between claimants. The statute requires those claimants instituting civil actions to give notice to the employer and the fund, while a similar notice is not required of a claimant who settles prior to the instigation of a civil action.

{¶ 11} More troubling is that the Kentucky statute does not provide a means for a claimant who proceeds to trial against a tortfeasor to show that any damages recovered are not duplicative of any workers' compensation benefits received. In *Modzelewski*, the Ohio Supreme Court concluded that this failure violated the Ohio Constitution. Similarly, application of the Kentucky statute would violate Ohio law.

{¶ 12} Because application of the Kentucky statute would violate the Ohio Constitution, we conclude that WGSIF's interest was not a legally protectable one in Ohio. Accordingly, WGSIF did not meet the requirements for intervening as a matter of right. The trial court properly denied the motion to intervene. The assignment of error is overruled, and the judgment of the trial court is therefore affirmed.

Judgment affirmed.

HILDEBRANDT and GORMAN, JJ., concur.

---

11. 145 Ohio Laws, Part II, 3188.

12. Id. at ¶ 15.