AMERICAN INTERSTATE INSURANCE COMPANY, Appellant,

v.

G & H SERVICE CENTER, INC. et al., Appellees.

[Cite as *Am. Interstate Ins. Co. v. G & H Serv. Ctr., Inc.*, 165 Ohio App.3d 104, 2005-Ohio-5753.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–05–08.

Decided Oct. 31, 2005.

John J. Siciliano, Michael A. Snyder, and Mechelle Zarou, for appellant.

Matthew J. Smith and James P. Nolan II, for appellee G & H Service Center, Inc.

Thomas W. Kerrigan II, for appellees Claude and Shon Britton.

---

ROGERS, Judge.

{¶ 1} Plaintiff-appellant, American Interstate Insurance Company, appeals a judgment of the Shelby County Court of Common Pleas, granting summary judgment to defendant-appellees, G & H Service Center and Claude and Shon Britton. On appeal, American Interstate asserts that the trial court erred by refusing to engage in a choice-of-law analysis in order to determine whether the Louisiana workers' compensation subrogation law governs in this case and that the trial court erred in holding that Ohio constitutional principles barred American Interstate's workers' compensation subrogation action. Finding that the trial court did err in failing to engage in a conflict-of-law analysis and that Louisiana substantive law, including its constitutional principles, applies, we reverse the judgment of the trial court.

{¶ 2} In August 2000, Claude Britton was employed by a Louisiana corporation, Ray Reich Trucking ("Ray Reich"), as a truck driver. Britton and his wife were residents of Louisiana at that time. While working for Ray Reich, Britton was seriously injured. Britton was using a pay phone at G & H Service Station in Shelby County, Ohio, when a tow truck belonging to G & H was negligently left unattended and struck Britton.

{¶ 3} Following the accident, Britton filed for and received benefits under Louisiana's workers' compensation system for his injuries. Britton's benefits were paid by American Interstate pursuant to its Louisiana insurance contract with Ray Reich. Previously, American Interstate had contracted with Ray Reich in Louisiana and in accordance with all applicable laws of the state of Louisiana to insure Ray Reich for all work-related injuries sustained by its employees. As a result of Britton's claim, American Interstate paid Britton $76,300.89 in workers' compensation benefits.

{¶ 4} In August 2002, American Interstate and Britton filed complaints in the Shelby County Court of Common Pleas against G & H and each other. American Interstate's complaint asserted that it had a subrogation right under Louisiana law to recover directly from G & H and/or Britton for those expenses that American Interstate had incurred on Britton's behalf. Britton's complaint asserted gross-negligence claims against G & H. Additionally, Britton's complaint against American Interstate and Ray Reich requested that each affirmatively plead or waive any subrogation rights they may have. Answers were filed;

however, in April 2003, both American Interstate and Britton voluntarily dismissed their complaints.

{¶ 5} In March 2004, American Interstate refiled its action against Britton and G & H. Subsequently, Britton filed an answer and also filed a counterclaim against American Interstate challenging its subrogation rights. Britton's answer also included a cross-complaint against G & H for Britton's personal injury claim. Britton's underlying personal injury claim is not at issue in the appeal.

{¶ 6} In September and October 2004, G & H and Britton filed identical motions for summary judgment. In their motions for summary judgment, G & H and Britton asserted that American Interstate's right to subrogation was invalid under Ohio law. Essentially, G & H and Britton relied upon the Supreme Court's holding in *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 748 N.E.2d 1111, that Ohio's workers' compensation subrogation statutes were unconstitutional. Additionally, G & H and Britton alleged that American Interstate's case should be dismissed, arguing that because certain aspects of the Louisiana subrogation statute were similar to Ohio's subrogation statute, the Louisiana statute would offend Ohio constitutional principles as stated in *Holeton.*

{¶ 7} Subsequently, the trial court granted G & H and Britton's motion for summary judgment, based upon the grounds asserted by G & H and Britton. It is from this judgment that American Interstate appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

The trial court erred by refusing to engage in a choice-of-law analysis and therefore refusing to apply Section 185 of Restatement (Second) of Conflicts of Laws ("Restatement"), or any other Restatement section, to determine that Louisiana workers' compensation subrogation law governs this multi-state workers' compensation subrogation case.

### Assignment of Error No. II

The trial court erred in holding that Ohio constitutional principles governing workers' compensation subrogation, if they apply, bar American Interstate's action.

### Assignments of Error Nos. I & II

{¶ 8} In the first assignment of error, American Interstate contends that the trial court erred when it failed to conduct a conflict-of-law analysis. In the second assignment of error, American Interstate contends that the trial court erred in holding that Ohio constitutional law bars American Interstate's subroga-

tion claim. Because these assignments of error are interrelated, we will address them together.

{¶ 9} In *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 340, 15 OBR 463, 474 N.E.2d 286, the Supreme Court of Ohio noted that when a court is confronted with determining whether the law of Ohio or the law of another state applies, a court is confronted with "the standard choice-of-law dilemma." Being faced with a choice-of-law dilemma in *Morgan,* the court stated that where a choice-of-law dilemma exists, "[w]e hereby adopt the theory stated in the Restatement of the Law of Conflicts, as it is more reflective of our past decisions and also provides sufficient guidelines for future litigation." Id. at 341–342, 15 OBR 463, 474 N.E.2d 286. Thus, with *Morgan,* the Ohio Supreme Court adopted the Restatement of the Law 2d, Conflict of Laws, to determine choice-of-law issues.

{¶ 10} As noted above, American Interstate asserts its subrogation claim under Louisiana law. Appellees, however, contend that Ohio law governs the subrogation claim in this case. As in *Morgan,* this is a "standard choice-of-law dilemma." Accordingly, following *Morgan,* we now consider this issue under the Restatement of the Law of Conflict of Laws.

{¶ 11} In *Beer v. Cincinnati Machines, Inc.,* 159 Ohio App.3d 715, 2005-Ohio-901, 825 N.E.2d 221, the First District Court of Appeals recently addressed a similar issue. In *Beers,* the plaintiff, an Ohio resident, filed suit in Ohio against Cincinnati Machines, seeking damages for an injury suffered at Cincinnati Machines' plant, which was located in Ohio. Subsequently, Workers' Guardian Self–Insured Fund ("WGSIF"), intervened, asserting a subrogation claim under Kentucky law. WGSIF was the plaintiff's former Kentucky employer's insurer, who had paid the plaintiff's worker's compensation coverage in Kentucky. In *Beer,* as in this case, the choice-of-law issue for the underlying personal injury case was not before the court on appeal.

{¶ 12} In *Beer,* the First District relied upon the choice-of-law analysis set forth in *Morgan.* Specifically, the *Beer* court stated that:

> We look to the analysis set out by the Ohio Supreme Court in *Morgan v. Biro Mfg. Co., Inc.* The court stated that "a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." [*Morgan,* 15 Ohio St.3d at 342, 15 OBR 463, 474 N.E.2d 286.] To determine which state has the more significant relationship, a court should consider factors including "(1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the

parties; [and] (4) the place where the relationship between the parties, if any, is located. [Id.]"

Id. at ¶ 5.

 {¶ 13} However, upon review of *Morgan*, we believe that the First District applied the wrong section of the Restatement of the Law of Conflict of Laws to a subrogation claim. In *Morgan*, the court stated, "When confronted with a choice-of-law in a *tort* action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146." (Emphasis added.) 15 Ohio St.3d at 342, 474 N.E.2d 286. Section 146 specifically addresses "an action for a personal injury." Restatement of the Law 2d, Conflict of Laws (1971) 430. Additionally, the court in *Morgan* stated that "to determine the state with the most significant relationship [under Section 146], a court must then proceed to Section 145." 15 Ohio St.3d at 342, 474 N.E.2d 286. Section 145 specifically addresses the general "rights and liabilities of the parties with respect to an issue in tort." Restatement of Conflict of Laws at 414.

{¶ 14} Accordingly, we find that while the Supreme Court in *Morgan* did adopt the Restatement of Conflict of Laws in general, the analysis it engaged in under Sections 145 and 146 was to determine a choice-of-law question for a tort action. Essentially, because the court in *Morgan* was specifically addressing a personal injury action, the court applied Sections 145 and 146. Thus, we find the First District's general adoption of the choice-of-law analysis under Sections 145 and 146 for a subrogation claim to be flawed because those sections apply to personal injury and tort claims, respectively.

{¶ 15} However, we note that Section 185 of the Restatement of Conflict of Laws deals specifically with subrogation rights relative to workers' compensation. Section 185 provides:

> The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

Restatement of the Law 2d, Conflict of Laws at 551.

{¶ 16} Therefore, considering that *Morgan* was dealing with a personal injury claim and that Section 185 expressly addresses subrogation rights, we decline to follow the First District's choice-of-law analysis, under Sections 145 and 146, which it applied to the subrogation claim in *Beers*. Furthermore, we find that, because the Supreme Court adopted the Restatement, Conflict of Laws in *Morgan*, when determining an action for subrogation, Section 185 is the pertinent section to be applied.

{¶ 17} Moreover, in *Thomas v. Cook Drilling Corp.* (Mar. 11, 1996), 4th Dist. No. 94CA58, 1996 WL 114505, the Fourth District applied Section 185 analysis to a subrogation claim. On appeal to the Supreme Court, the court reversed the Fourth District's decision on the issue of the defendant's motion to intervene and never specifically addressed the choice-of-law issue regarding subrogation. *Thomas v. Cook Drilling Corp.* (1997), 79 Ohio St.3d 547, 549, 684 N.E.2d 75. However, in the majority opinion, the court specifically made reference to Comment *c* to Section 185 of the Restatement of the Law of Conflicts. Id. at 551, 684 N.E.2d 75. Additionally, Justice Douglas in a separate concurring opinion stated, "I agree with the court of appeals that 1 Restatement of the Law 2d, Conflict of Laws (1971), Section 185, should have been considered by the trial court." Id. at 552, 684 N.E.2d 75 (Douglas, J., concurring).

{¶ 18} Thus, upon review of the Supreme Court's opinion in *Thomas*, we find that while the court did not address the specific issues, it clearly relied upon Section 185 for guidance. Additionally, the Fourth District as well as Justice Douglas's reliance upon Section 185 further persuades us that Section 185 is controlling in this situation.

{¶ 19} Considering the case sub judice under Section 185, we hold that Louisiana law must apply to American Interstate's subrogation claim. As noted above, Section 185 provides:

> The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

Thus, because Britton's workers' compensation benefits were paid out in Louisiana, Louisiana law must apply.

{¶ 20} Having held that Louisiana substantive law applies, we must now determine whether applying Louisiana substantive law to this case is precluded because subrogation has been found to offend the Ohio Constitution. In *Holeton*, the Ohio Supreme Court held that the Ohio's workers' compensation subrogation statutes were unconstitutional. 92 Ohio St.3d 115, 748 N.E.2d 1111. In the case sub judice, the trial court found and appellees argue that because Louisiana's subrogation statute is similar to Ohio's subrogation statute, the Louisiana statute should also be unenforceable in Ohio.

{¶ 21} In *White v. Crown Equip. Corp.*, 160 Ohio App.3d 503, 2005-Ohio-1785, 827 N.E.2d 859, we held that where the substantive law of another state applies, that state's constitution is also controlling. Id. at ¶ 14, citing *Phillips v. Motrim* (Dec. 5, 1996), 5th Dist. No. 96–CA–1, 1996 WL 753144. Accordingly, we hold that in applying Louisiana substantive law, it is the Louisiana and not the Ohio

Constitution that applies. Upon review of Louisiana law, we cannot find that the Louisiana subrogation statutes have been held unconstitutional. Thus, we cannot hold that American Interstate's subrogation claim is barred by the holding in *Holeton*.

{¶ 22} Having found that Louisiana substantive law, including its constitutional principles, applies to American Interstate's subrogation action, both assignments of error are sustained.

{¶ 23} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CUPP, P.J., and SHAW, J., concur.