[Cite as *Miller v. Stuckey*, 2015-Ohio-3819.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

**MARCENE K. MILLER, ET AL.,**

    **PLAINTIFFS-APPELLEES,**           **CASE NO. 3-15-10**

    **v.**

**DEAN STUCKEY, ET AL.,**             **O P I N I O N**

    **DEFENDANTS-APPELLANTS.**

**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 13-CV-0176**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   September 21, 2015**

**APPEARANCES:**

    *Howard B. Hershman*  **for Appellants**

    *Geoffrey L. Stoll*  **for Appellees**

**PRESTON, J.**

{¶1} Defendants-appellants, Dean Stuckey ("Dean") and Jackie Stuckey (collectively, the "Stuckeys"), appeal the May 1, 2015 judgment entry of the Crawford County Court of Common Pleas granting partial summary judgment in favor of plaintiffs-appellees, Marcene K. Miller ("Marcene") and Marcene K. Miller, Trustee of the Miller Family Trust (collectively, the "Plaintiffs"). For the reasons that follow, we reverse.

{¶2} On June 11, 2013, Marcene, in her individual capacity and as trustee of the Miller Family Trust (the "Trust"), filed a complaint against the Stuckeys, asserting seven counts: Count One of conversion, Count Two of breach of fiduciary duty, Count Three of "fraud/fraud in the inducement," Count Four of undue influence, Count Five of unjust enrichment, Count Six of punitive damages, and Count Seven of invalidity of deed. (Doc. No. 1). In Count Seven, the Plaintiffs allege that transfers of real property located in Seneca and Crawford Counties, Ohio, from the Trust to Dean are invalid because the quit-claim deeds (the "Deeds") were executed in Florida and do not comply with the formal deed requirements under Florida law. (*Id.* at ¶ 3, 29-30, 37, 58-63). The Trust contains a Florida choice-of-law provision. (Doc. No. 42, Exs. A-1, A-2 at ¶ 7).

{¶3} On June 26, 2013, the Stuckeys filed an answer to the Plaintiffs' complaint. (Doc. No. 8).

-2-

{¶4} Two related cases—Seneca County Common Pleas Court case No. 13-CV-0154 and Crawford County Municipal Court case No. CVG 1300618—were transferred to the Crawford County Court of Common Pleas, where the trial court consolidated them with the case, discussed above, filed by the Plaintiffs on June 11, 2013, Crawford County Common Pleas Court case No. 13-CV-0176. (Doc. Nos. 9, 10, 11). Seneca County Common Pleas Court case No. 13-CV-0154 originated with a June 13, 2013 complaint filed by Marcene, in her individual capacity and as trustee of the Trust, against the Stuckeys, asserting the same counts, in the same order, as her June 11, 2013 complaint, described above, filed in Crawford County Common Pleas Court case No. 13-CV-0176. (Doc. No. 11). Crawford County Municipal Court case No. CVG 1300618 originated with a complaint in forcible entry and detainer filed by Dean against Marcene in her individual capacity. (Doc. No. 10).

{¶5} On August 27, 2013, with leave of court, the Stuckeys filed an amended answer and counterclaim. (Doc. Nos. 14, 20, 21). Their counterclaim contained two counts: Count One of quiet title and Count Two of declaratory judgment. (Doc. No. 21).

{¶6} On September 16, 2013, the Plaintiffs filed a reply to the Stuckeys' counterclaim. (Doc. No. 25).

{¶7} On January 28, 2014, the Stuckeys filed a motion for summary judgment on the Plaintiffs' counts and on Count One of the Stuckeys' counterclaim. (Doc. No. 35).

{¶8} On March 10, 2014, the Plaintiffs filed a combined motion for summary judgment and memorandum in opposition to the Stuckeys' motion for summary judgment. (Doc. No. 42). Relying on the Trust's Florida choice-of-law provision, the Plaintiffs requested, among other things, "judgment in their favor, declaring the quit claim deeds at issue to be *void ab initio* and set aside, with legal title to the real estate being restored to Marcene K. Miller, Trustee of The Miller Family Trust." (*Id.* at 58).

{¶9} On April 1, 2014, the Stuckeys filed a combined reply memorandum in support of their motion for summary judgment and memorandum in opposition to the Plaintiffs' motion for summary judgment. (Doc. No. 44).

{¶10} On April 17, 2014, the Plaintiffs filed a reply memorandum in support of their motion for summary judgment. (Doc. No. 46).

{¶11} On May 19, 2014, the trial court denied the Stuckeys' motion for summary judgment and the Plaintiffs' motion for summary judgment. (Doc. Nos. 47, 48).

{¶12} On June 2, 2014, the Stuckeys filed a "motion for reconsideration of defendants' motion for summary judgment only as to the issue of the legal validity

of the two deeds by which property was transferred to defendant Dean Stuckey." (Doc. No. 49).

{¶13} On June 6, 2014, the Plaintiffs filed a response to the Stuckeys' motion for reconsideration, concurring with the Stuckeys that the validity of the Deeds is a purely legal question to be determined by the trial court and requesting that the trial court reconsider that issue. (Doc. No. 50).

{¶14} On July 31, 2014, the trial court denied the Stuckeys' motion for reconsideration. (Doc. No. 51).

{¶15} On February 10 and 17, 2015, after a new judge took office, the Plaintiffs and the Stuckeys, respectively, moved for reconsideration of the trial court's denial of their motions for summary judgment concerning the issue of the validity of the Deeds. (Doc. Nos. 63, 64).

{¶16} On April 3, 2015, the trial court filed an entry concluding that the Trust's Florida choice-of-law provision is enforceable and that the Deeds are invalid because they do not comply with Florida's formal requirements for deeds, which requires two subscribing witnesses. (Doc. No. 67).

{¶17} On April 9, 2015, the Stuckeys filed a motion for reconsideration of the trial court's April 3, 2015 decision granting summary judgment in the Plaintiffs' favor concerning the validity of the Deeds. (Doc. No. 68).

{¶18} On April 20, 2015, the Plaintiffs filed a response to the Stuckeys' motion for reconsideration. (Doc. No. 69).

{¶19} On April 22, 2015, the Stuckeys filed a reply memorandum in support of their motion for reconsideration. (Doc. No. 70).

{¶20} On May 1, 2015, the trial court filed an entry declaring the Deeds transferring the Seneca County and Crawford County properties void ab initio, restoring legal title to the Seneca County and Crawford County real properties to Marcene as trustee of the Trust, dismissing Dean's forcible entry and detainer action against Marcene, and dismissing Count One of quiet title of the Stuckeys' counterclaim. (Doc. No. 71). In that entry, the trial court determined that there was no just reason for delay. (*Id.*).

{¶21} The Stuckeys filed their notice of appeal on May 15, 2015. (Doc. No. 74). They raise one assignment of error for our review.

### Assignment of Error

**The court below erred when it found that the two quit claim deeds in question were fatally defective because they did not have subscribing witnesses as prescribed by Florida law for a Florida conveyance.**

{¶22} In their assignment of error, the Stuckeys offer two reasons why the trial court erred in declaring the Deeds invalid and void ab initio: (1) "the constitutional limitations on the ability of a state to direct or control how real property is transferred within another state has led Florida to acknowledge and

direct that the law of the State where the real estate is located controls with regard to questions of formalities in the conveyance of property in that state"; and (2) "the trust agreement must be construed so as to allow the purposes of the settlor to be achieved rather than frustrated." (Appellants' Brief at 8). The crux of the Stuckeys' argument is based on the doctrine that, "[i]n general, real property is subject to the laws of the state in which it is situated," or the "situs" of the property. (*Id.* at 9). The Plaintiffs argue that the doctrine of situs is archaic and that the Trust's Florida choice-of-law provision trumps the doctrine of situs, such that the Deeds, which transferred real properties in Ohio, are required to comply with Florida's formal requirements for deeds.

{¶23} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶24} Article IX, Paragraph 3 of the Trust contains the following choice-of-law provision:

Applicable Law

This instrument has been prepared and was executed in the State of Florida where Grantor(s) are residents. All questions concerning the meaning and intention of terms of this instrument or its validity, and all questions relating to any performance under it, shall be resolved in accordance with laws of this State.

(Doc. No. 42, Exs. A-1, A-2 at ¶ 7). Marcene, as trustee of the Trust, executed the Deeds in Brevard County, Florida on January 30, 2013. (*See* Doc. No. 71, Exs. A, B). A Florida notary public notarized the Deeds, but the Deeds do not bear signatures of two subscribing witnesses. (*Id.*). The parties do not dispute that the Deeds are valid under Ohio law, which does not require any subscribing witnesses to a deed, or that the Deeds are invalid under Florida law, which requires two subscribing witnesses to a deed. *Compare* R.C. 5301.01 *with* Fla.Stat.Ann. 689.01. The issue in this case is whether Ohio law or Florida law governs the execution and formal requirements of the Deeds.

{¶25} The Supreme Court of Ohio adopted the Restatement of the Law 2d, Conflict of Laws, to govern choice-of-law issues. *Am. Interstate Ins. Co. v. G & H Serv. Ctr., Inc.*, 165 Ohio App.3d 104, 2005-Ohio-5753, ¶ 9 (3d Dist.), citing *Morgan v. Biro Mfg. Co., Inc.*, 15 Ohio St.3d 339, 341-342 (1984). *See also Lewis v. Steinreich*, 73 Ohio St.3d 299, 303 (1995) ("In making choice-of-law

determinations, this court has adopted the theories stated in the Restatement of the Law 2d, Conflict of Laws."), citing *Morgan* at 341-342.

> Restatement of the Law 2d, Conflict of Laws, Section 223 (1971) provides:
>
> (1) Whether a conveyance transfers an interest in land and the nature of the interest transferred are determined by the law that would be applied by the courts of the situs.
>
> (2) These courts would usually apply their own local law in determining such questions.

Comment e to Section 223 provides, "In the absence of statute, the courts of the situs would usually apply their own local law to determine questions involving the formalities necessary for the validity of a conveyance of an interest in land." Restatement of the Law 2d, Conflict of Laws, Section 223, Comment e (1971). *See also* Restatement of the Law 2d, Conflict of Laws, Section 278, Comment c (1971) ("Where the owner makes a conveyance of land in trust the validity of the conveyance is determined by the law that would be applied by the courts of the situs. Usually these courts would apply their local law. Thus the owner's capacity, the formal requirements for a conveyance, and the substantial validity of the conveyance would usually be determined by the local law of the situs (see § 223)."). "[T]he term 'formalities' applies to such requirements as those of a

writing, of a seal, of witnesses and of acknowledgment." Restatement of the Law 2d, Conflict of Laws, Section 223, Comment e (1971).

**{¶26}** A transfer of an interest in land is governed by the laws selected by application of the rule in Restatement of the Law 2d, Conflict of Laws, Section 223 (1971), notwithstanding a choice-of-law provision in a contract governing that contract's interpretation, validity, and performance. *See S.E.C. v. Mgt. Solutions, Inc.*, D.Utah No. 2:11-CV-01165-BSJ, 2014 WL 6085666, *2-5 (Nov. 13, 2014), *appeal filed*, 10th Cir. No. 14-4157. Indeed, "'not all claims in a case are necessarily governed by a choice-of-law provision that expressly governs only contractual matters.'" *Id.*, quoting *Fairmont Supply Co. v. Hooks Indus., Inc.*, 177 S.W.3d 529, 534-535 (Tex.App.2005).

**{¶27}** Restatement of the Law 2d, Conflict of Laws, Section 189 (1971) and, more specifically, Comment a to that section illustrate this point. Section 189 provides:

> The validity of a contract for the transfer of an interest in land and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the land is situated unless, with respect to the particular issue, some other state has a more significant relationship under the

principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Restatement of the Law 2d, Conflict of Laws, Section 189 (1971). Comment a explains the distinction between a contract for the transfer of an interest in land and the actual transfer of that interest:

A distinction must here be drawn between a contract for the transfer of an interest in land and the actual transfer of such an interest. The validity of a contract for the transfer of an interest in land, and the rights created thereby, are determined by the local law of the state selected by application of the rule of this Section. On the other hand, *whether the contract operates as an actual transfer of an interest in the land depends upon the law selected by application of the rule of § 223*. A contract to transfer an interest in land may be valid as a contract but inoperative as a transfer, or, in the alternative, it may be invalid as a contract but operative as a transfer.

(Emphasis added.) Restatement of the Law 2d, Conflict of Laws, Section 189, Comment a (1971). As we explained above, Section 223 states that whether a conveyance transfers an interest in land is determined by the law that would be applied by the courts of the situs and that the situs courts usually apply their own

local law. *Mgt. Solutions, Inc.* at *2-3, citing Restatement of the Law 2d, Conflict of Laws, Section 223 (1971).

**{¶28}** Here, the Trust's choice-of-law provision governs the Trust's interpretation, validity, and performance. The Trust's choice-of-law provision does not, however, govern the formalities necessary for the validity of a conveyance of an interest in real property held in the Trust. *See* Restatement of the Law 2d, Conflict of Laws, Section 223 (1971); *Mgt. Solutions, Inc.* at *2-4. Rather, under the Restatement, "the law that would be applied by the courts of the situs" of the real property, Ohio, governs the formal, or technical, requirements of the Deeds. *See* Restatement of the Law 2d, Conflict of Laws, Section 223 (1971). Although this appears to be a case of first impression in Ohio and informative case law is scarce, we can find no Ohio statute requiring or allowing application of Florida law in this case, and the Plaintiffs have directed us to none. *See Warwick v. Warwick*, 4th Dist. Ross No. 98CA2403, 2000 WL 228608, *4 (Feb. 25, 2000) ("[T]he trial court determined that the marriage contract did not apply to the property because the issue of dower is governed by the law of the site of the property, *i.e.*, the *lex rei sitae*. We find that the trial court correctly determined that Ohio law applies to the property situated in Ohio."). *See also In re Cunningham*, Bankr.N.D.Ohio No. 06-14882, 2008 WL 2746023, *3, fn. 2 (July 11, 2008) (citing Restatement of the Law 2d, Conflict of Laws, Section 223 (1971)

and concluding that "because the real property in question is located in Ohio, the Court will apply Ohio law in determining whether a resulting trust exists for the benefit of the estate").[1]

{¶29} Therefore, notwithstanding the Trust's Florida choice-of-law provision, because the real property conveyed by the Deeds is located in Ohio, and because no statute requires or allows application of Florida law to the formal requirements of the Deeds, Ohio law governs the execution and formal requirements of the Deeds. There are no genuine issues of material fact concerning this issue. The parties do not dispute that the Deeds—which are signed by Marcene as Trustee and notarized—are valid under Ohio law, which, unlike Florida law, does not require two subscribing witnesses. Accordingly, the Deeds are not invalid for failure to bear the signatures of two subscribing witnesses, and the trial court erred as a matter of law by holding them to be invalid and void ab initio for this reason. We reverse and remand for resolution of the parties' remaining claims.

{¶30} The Stuckeys' assignment of error is sustained.

---

[1] Although it does not control our determination of this case, we note that Florida law similarly applies the law of the situs of real property:

> When an instrument purports to convey title or an interest in real property which has its situs within a state, the formal validity and requirements of the document which seeks to affect the title to such property are governed by the lex rei sitae–the law of the state wherein the property is located.

*Kyle v. Kyle*, 128 So.2d 427, 429 (Fla.App.1961).

**{¶31}** Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**